## Ben Franklin Coal Company, Limited, Appellant, v. Pennsylvania Water Company.

*Practice, C. P.—Service of process—Summons—Corporations—Act of July 9, 1901, P. L. 614, sec. 2, clause e—Appeals.*

A sheriff's return of service on a corporation was as follows : " January 13, 1903, served personally the within writ on the defendant company at its office in the borough of Leechburg, Pa., by handing a true and attested copy thereof to J. S. Patterson, superintendent of said company, then in charge of said office, and the said J. S. Patterson was informed of the contents of said writ. It being ascertained upon inquiry from him that none of the executive officers of said company reside in the county of Armstrong. So answers W. C. Bailey, sheriff." *Held*, (1) that the return was good on its face under clause *e*, sec. 2, of the Act of July 9, 1901, P. L. 614 ; (2) that the return being good on its face could not be set aside on extraneous evidence ; (3) that an order setting aside such a return was a final order from which an appeal would lie.

Argued May 9, 1904. Appeal, No. 35, April T., 1904, by plaintiff, from order of C. P. Armstrong Co., March T., 1903, No. 80, striking off sheriff's return in case of Ben Franklin Company, Limited, v. Pennsylvania Water Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Motion to set aside sheriff's return.
The facts appear by the opinion of the Superior Court.

The court below in an opinion by PATTON, P. J., made an order striking off the return.

*Error assigned* was the order of the court.

*J. H. McCain,* of *McCain & Christy,* cited : Benwood Iron Works v. Hutchinson, 101 Pa. 359 ; Robertson v. Wood, 10 Kulp, 76.

*Calvin Rayburn,* of *Rayburn & McCain,* for appellee, cited : Bennethum v. Bowers, 133 Pa. 332 ; Parks Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453 ; Bailey v. Williamsport & N. B. R. R. Co., 174 Pa. 114.

OPINION BY MORRISON, J., July 28, 1904 :

This is an appeal by the plaintiff from the order of the court of common pleas of Armstrong county striking off and setting aside the sheriff's return of service of the summons upon the defendant. The sheriff made the following return : " January 13, 1903, served personally the within writ on the defendant company at its office in the borough of Leechburg, Pa., by handing a true and attested copy thereof to J. S. Patterson, superintendent of said company, then in charge of said office, and the said J. S. Patterson was informed of the contents of said writ. It being ascertained upon inquiry from him that none of the executive officers of said company reside in the county of Armstrong. So answers W. C. Bailey, sheriff."

The authority of the sheriff for making this service and return is contained in the Act of July 9, 1901, P. L. 614. The second section of the act reads : " The writ of summons, the writ of attachment in execution, and the writ of scire facias in personal actions, may be served by the sheriff upon a corporation, a partnership limited, or a joint stock company, in the county wherein it is issued, in any one of the following methods : " Then follow clauses (*a*), (*b*), (*c*), (*d*) and (*e*), and for our present purpose it is only necessary to quote (*e*) : " By handing a true and attested copy thereof, at any of its offices, depots or places of business, to its agents or person for the time being in charge thereof, if upon inquiry thereat the residence of one of said officers within the county is not ascertained, or

if from any cause an attempt to serve at the residence given has failed." The last section of the above act repeals all acts of assembly and parts of acts in relation to the service of the writs referred to in it inconsistent therewith. Therefore at the date of this service the sheriff was controlled by the provisions of said act.

The assignments of error are as follows: 1. "The court erred in entering the following judgment and decree: And now, May 14, 1903, the service upon the defendant corporation is stricken off and set aside at the costs of the plaintiff. By the court. May 14, 1903. At the request of the plaintiff bill of exceptions sealed. W. D. Patton, P. J. Seal." 2. "The court erred in the opinion setting aside the service as follows: The return shows a service upon J. S. Patterson, superintendent. The act of 1901, or no other act·so far as we have been able to find, authorizes such a service. If it is intended to be under the act of 1901, clause $(f)$, it should set forth that the defendant corporation has no office or place of business in the county where the cause of action arose."

A careful examination of the sheriff's return and the provisions of the act of assembly above quoted demonstrates that the return is in strict accordance with the act and is complete upon its face in all respects. We are of opinion that this return contains all that is requisite for a good service and return under clause $(e)$, supra, and our question is, therefore, did the learned court err in setting aside this return on extraneous evidence. We know of no decision of our Supreme Court authorizing or permitting a complete, legal and valid sheriff's return of service to be inquired into and set aside on extraneous evidence. In Benwood Iron Works v. Hutchinson and Bro., 101 Pa. 359, Justice TRUNKEY delivering the opinion of the court said (p. 362): "A foreign corporation, under certain circumstances, may be sued in the courts of this state. The circumstances which subject it to such suit need not be set forth in the præcipe or summons. . . . Where the return on its face does not show a legal service of the writ, the service may be set aside. As the return must be considered as conclusive between the parties to the action, it is error to set aside the service upon extraneous evidence. Affidavits and depositions are no part of the record." Citing several authorities.

In Bennethum v. Bowers, 133 Pa. 332, the Benwood Iron Works case is cited with approval. On page 336 Chief Justice PAXSON said : " The sheriff returns that it was a true and attested copy. If this return was false, the sheriff would be liable therefor ; but, being in proper form, it is conclusive between the parties, and cannot be contradicted aliunde." In that case the order of the court setting aside the service of the writ was reversed and a procedendo awarded. In Parks Bros. & Co., Limited, v. Oil City Boiler Works, 204 Pa. 453, Justice MITCHELL (p. 458) said : " While it is still the law that the sheriff's return is conclusive on the parties and cannot be contradicted, yet modern practice is liberal in allowing inquiry into the actual facts where the return itself is not full or explicit. The return in the present case is exceedingly meager." In that case the return was : " Served July 31, 1901, by delivering a true and attested copy of this writ to D. J. Geary, Vice-President of the Oil City Boiler Works, a corporation of Pennsylvania, and made known to him the contents thereof." The order of the court below in setting aside the return was affirmed by the Supreme Court because the return was not complete and legal upon its face, and for that reason it was proper for the court to inquire into the facts, and if found insufficient to sustain the return it could be set aside. That case is cited by the appellee and relied upon to sustain the court below in setting aside the return in the present case. But it must be distinguished for the reason that the return therein set aside was not valid and complete upon its face.

We have no doubt that the court below erred in setting aside the sheriff's return in the present case. The only difficulty we encounter is whether the order was such a final order or judgment as can be appealed from. This question is not without difficulty and it has not been squarely decided either by the Superior or Supreme Court so far as we can ascertain. In Platt v. Belsena Coal Mining Company, 191 Pa. 215, it is held as follows (p. 217) : " This appeal is from the decree of the court below discharging the defendant's rule ' to show cause why the service of the bill of complaint in the above cause on John H. Klock, etc., should not be set aside.' The decree in question is clearly interlocutory, and no appeal lies therefrom to this or any other court at the present stage of the

cause." But that was an appeal from the refusal of the court to set aside the return of service and it does not necessarily control the question in the present case. In that case if the court erred in holding the service good the question could be raised on appeal after final decree and no injustice would be done to the defendant. But in a case like the one under consideration it might happen that by setting aside the sheriff's return of service no subsequent service could be made, and, therefore, such order would seem in its effect to be a final judgment against the plaintiff as to his right of action in that county. In Bennethum v. Bowers, supra, our Supreme Court in an opinion by Chief Justice PAXSON reversed the order of the court below, setting aside the service of the writ, and awarded a procedendo. In view of what is said in that opinion, we feel constrained to hold that the order setting aside the service in the present case is such a final order or judgment as can be appealed from. We realize from the language of Judge PAXSON that the Supreme Court may possibly hold that such order is but interlocutory and not a final judgment. But we think the disposition of that question, if it is to be so determined, should be left for the further consideration of the Supreme Court. In Bradly v. Potts, 155 Pa. 418, it was in substance held, that where an order making absolute a rule for a more specific statement is, in its practical effect, a judgment for defendant, the Supreme Court will treat it as a final judgment from which an appeal will lie. The order in that case appeared to be interlocutory, from which an appeal would not lie. But the Supreme Court treated it as a final judgment and sustained the appeal and reversed the order.

The assignments of error are both sustained and the order setting aside the service of the writ is reversed, and a procedendo awarded. And it is ordered that the appellee pay the costs of this appeal.