William Flaccus Oak Leather Company v. Heasley, Appellant.

*Practice, C. P.—Service of process—Sheriff's return.*
1. The sheriff's return showing that a true and attested copy of the writ of summons was handed to the defendant at his place of business, designating it, and that he was informed of the contents thereof, is conclusive of the fact of service as between the parties, and such return cannot be contradicted aliunde.

*Judgment—Striking off judgment—Opening judgment.*
2. A judgment entered for want of an appearance and affidavit of defense which is regular and valid on its face, cannot be struck off or vacated. Such a judgment, for sufficient cause shown, may be opened and the defendant let into a defense, but it cannot be stricken off.
3. A judgment entered for want of an appearance and an affidavit of defense in a suit for leather sold and delivered, will not be opened where it appears that the goods were received and retained by the defendant, and there is a mere general averment that the leather received was not the leather ordered and that it was worthless and without any value.

Argued April 9, 1912. Appeal, No. 56, April T., 1912, by defendant, from order of C. P. Venango Co., Aug. T., 1911, No. 49, refusing to vacate a judgment in case of William Flaccus Oak Leather Company v. M. P. Heasley. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Motion to vacate judgment.

CRISWELL, P. J., filed the following opinion:

The judgment entered is regular on its face and the reasons assigned in support of the motion to vacate furnish no basis for so doing.

Neither do the facts alleged in the affidavit attached to the motion constitute a sufficient defense to the plaintiff's claim. It is not stated when or by whom any representations were made as to the quality of the leather to be shipped to the defendant by the plaintiff, nor that any representations were made at the time the items now objected to were contracted. It is stated that the leather charged for under dates April 30 and July 21 and shipped to the defendant was not the leather ordered, but what leather was ordered is not stated, and to say that such leather was worthless and without any value is not sufficient. It is too general and indefinite. Admittedly the goods were received and retained by the defendant and they were probably used by him. This inference is warranted by his failure to aver that he returned or offered to return them to the vendor. No reference appears to be made to the charge for calfskins and deerskins under date of July 21, or the lace leather under date of September 9, while the harness leather charged for under the latter date for which the defendant admits liability, appears to be the same in kind and quality as those charged for under the earlier dates. If the defendant has a defense to any part of the plaintiff's claim it should be definitely, particularly and fully stated so that it may be shown.

The return of the sheriff shows due service of the summons. It imports verity and is conclusively assumed to be true.

July 24, 1911. Defendant's motion to vacate judgment is refused.

*Error assigned* was the order refusing to vacate judgment.

*Quincy D. Hastings,* for appellant.—Under no circumstances will the court be justified in refusing to receive and hear a motion to vacate the judgment; its discretion is to be exercised on the facts as developed on a hearing, not in advance of it: Cloud v. Markle, 186 Pa. 614.

There was a breach of warranty: Borrekins v. Bevan, 3 Rawle, 23; Groetzingen v. Kann, 165 Pa. 578; Holloway v. Jacoby, 120 Pa. 583; Carman v. Franklin Ins. Co., 6 W. & S. 155.

*N. F. Osmer,* with him *J. H. Osmer* and *A. R. Odmer,* for appellee.—The return showing that a true and attested copy of the writ was given to the defendant, it is conclusive thereof between the parties, and cannot be contradicted aliunde: Bennethum v. Bowers, 133 Pa. 332.

The distinction between a motion to strike off or vacate a judgment, which is the motion under consideration in this case, and a motion to open a judgment is clearly defined in North v. Yorke, 174 Pa. 349.

An affidavit of defense making a mere averment of a warranty without more, not disclosing whether it was express or implied, its terms and when, by whom and by what authority made; and whether the goods were retained, or not being returned, stating their market value with reasonable accuracy and liquidating the defendant's damages is insufficient: Gould v. Gage, 118 Pa. 559; Hess v. Schwartz, 20 Pa. Dist. Rep. 105.

OPINION BY MORRISON, J., May 13, 1912:

In this action of assumpsit the plaintiff obtained judgment against the defendant on July 12, 1911, for the sum of $245.26 in default of an appearance and affidavit of defense. This judgment is conceded to be regular and valid upon its face. It was duly entered at the proper time after the filing of the plaintiff's declaration or statement of claim and upon the following return made by the sheriff of Venango county: "And now, June 19, A. D. 1911, served the within summons on M. P. Heasley, the within

named defendant, by handing to him personally at his place of business in Franklin, Venango county, Penna., a true and attested copy of the within writ, together with a certified copy of plaintiff's statement of claim and making known to him the contents thereof." On the same day the judgment was entered a fi. fa. was issued thereon and placed in the sheriff's hands. On July 24, 1911, a motion was presented to the court at chambers, with notice to plaintiff's attorneys, to vacate the judgment entered in the above case, and the fi. fa. issued thereon. The motion was based on reasons attached thereto in the form of an affidavit. The learned judge below on the same day filed a written opinion refusing the motion on the ground that the facts alleged in the affidavit attached to the motion do not constitute a sufficient defense to the plaintiff's claim. In this conclusion of the learned judge we fully concur.

One of the main reasons averred in support of the motion to vacate the judgment was a denial by the defendant that he had ever been served with any summons in the case; that the deponent had no knowledge of the institution of the above suit other than being given a certified copy of what purported to be the plaintiff's statement of claim. The sheriff's return, showing that a true and attested copy of the writ of summons was handed to the defendant at his place of business in Franklin, Venango county, Penna., and that he was informed of the contents thereof, is conclusive of the fact of service as between the parties, and such return cannot be contradicted aliunde: Bennethum v. Bowers, 133 Pa. 332; Ben Franklin Coal Co., Ltd., v. Penna. Water Co., 25 Pa. Superior Ct. 628. In Knowles v. Lord, 4 Wharton, 500, the Supreme Court held: "It is a well-settled principle, applicable to every case, that credence is to be given to the sheriff's return; so much so, that there can be no averment against it in the same action:" Rickard v. Major, 34 Pa. Superior Ct. 107. However, it is not now decided that a denial of service might not have weight along with a meritorious defense

and motion to open a judgment and let a defendant into a defense.

It is to be observed in the present case that the motion was to vacate the judgment and execution; it was not a motion to open the judgment based upon an affidavit showing a meritorious defense. We can see no distinction between a motion to strike off a judgment and a motion to vacate. The right to have the present judgment vacated or stricken off is ruled against the defendant in North & Co. v. Yorke, 174 Pa. 349. In that case Mr. Chief Justice STERRETT, speaking for the court, said: "No affidavit of defense having been theretofore filed, the judgment thus entered was undoubtedly regular and valid, and plaintiffs were entitled to all the incidents thereof, such as lien, etc., until it was legally reversed or satisfied: Weigley v. Teal, 125 Pa. 498; Newbold v. Pennock, 154 Pa. 591. While the court, for sufficient cause shown, could, under its equitable power, open such a judgment and let the defendant into a defense, it was powerless to strike it from the record, because it was not only regular on its face, but perfectly regular and valid in point of fact. Judgments cannot legally be stricken from the record save for irregularity or illegality: O'Hara v. Baum, 82 Pa. 416; Allen v. Krips, 119 Pa. 1; Breden v. Gilliland, 67 Pa. 34; Adams v. Grey, 154 Pa. 258."

The case in hand comes strictly within the rules laid down by Mr. Chief Justice STERRETT. If the appellant's motion had been to open the judgment and let the defendant into a defense the question for consideration would have been whether a good defense had. been sufficiently set forth in the affidavit in support of the motion, and we are clearly of the opinion that the affidavit presented in support of the motion to vacate the judgment and execution was not sufficient to warrant the court in opening it. The affidavit undertook to aver a warranty as to the leather the value of which the plaintiff was seeking to recover. But in our opinion the affidavit was bad

under the authority of Gould & Company v. Gage, Hitchcock & Co., 118 Pa. 559.

All of the judges who heard the argument of this appeal reached the conclusion that the appellant failed to present a defense which entitled him to either have the judgment opened or vacated. If the application had entitled the appellant to have had the judgment opened, the plaintiff would have been entitled to have the lien of the judgment and of the execution preserved until the end of the controversy. To have vacated or stricken off a regular and valid judgment and execution would have been a wrong to the plaintiff of which it could justly complain.

The assignments of error are all dismissed and the decree of the court refusing to vacate the judgment is affirmed.