# Keystone Telephone Co. *v.* Diggs, Appellant.

*Practice—Sheriff's return—Setting aside.*

A sheriff's return which is good on its face showing service on an adult member of the defendant's family, will not be set aside upon evidence aliunde, tending to show that the matters stated in the return were not true.

Submitted Nov. 18, 1917.    Appeal, No. 254, Oct. T., 1917, by defendant, from order of Municipal Court, Philadelphia Co., March T., 1917, No. 436, refusing to strike off return of service of writ in case of Keystone Telephone Co. v. Maggie F. Diggs.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Petition to strike off service of summons.

The return of the service showed a service on an adult member of defendant's family.

The petition to strike off averred inter alia, as follows:

On the 30th day of March, 1917, a paper, now known to have been the writ of summons, was handed to Miss Rose Cutler, who was on that day visiting your petitioner at her place of residence, 3216 Chestnut street; and that the said Miss Rose Cutler not knowing the contents of said paper, now known to have been the writ of summons, did not deliver it to your petitioner nor inform deponent of the service thereof, but in some manner mislaid the same so that it was discovered only after a thorough search and inquiry had been made subsequent to the serving of the writ of fieri facias.

Your petitioner further avers that the said Miss Rose Cutler is not a member of her (the defendant's) family, that she does not reside with your petitioner (the defendant), but was merely visiting at your petitioner's residence at the time the writ of summons was handed to her by the deputy sheriff.

*Error assigned* was order refusing to strike off the return.

*Robert J. Kennedy,* for appellant, cited: Lyons v. Mann, 14 Dist. Rep. 104; O'Brien v. Bartlett, 12 Pa. Dist. 746; Daly v. Iselin, 10 Dist. Rep. 193.

*Bernard A. Illoway* and *Harry Felix*, for appellee, cited: Garrett v. Turner, 47 Pa. Superior Ct. 128.

OPINION BY KEPHART, J., March 2, 1918:

The sheriff made the following return: "Served Maggie F. Diggs, the within defendant, by handing, March 30, 1917, a true and attested copy of the within writ together with a copy of the plaintiff's statement of claim to an adult member of said defendant's family at 3216 Chestnut street in the County of Philadelphia, State of Pennsylvania, the dwelling house of said defendant." The rule granted on the petition to set aside the return of service was discharged. This action is assigned as error. Before the sheriff's return was challenged, the defendant petitioned the court to open the judgment and permit her to enter a defense, but this request was denied for the reason that the petition did not set forth the character of the defense with sufficient particularity. The action of the court on this petition is not assigned as error.

This court, in Garrett v. Turner, 47 Pa. Superior Ct. 128, held that "the only ground for setting aside the service of the summons and statement suggested in the court below was that the return of the sheriff that they had been served on an adult member of the family of defendant at his residence was untrue, in that the member of the family to whom the summons and statement were delivered was not an adult. The return was good on its face and it ought not to have been set aside upon evidence aliunde, tending to establish that it was not true: Park Bros. & Co., Limited, v. Oil City Boiler Works, 204 Pa. 453; Ben. Franklin Coal Co., Limited, v. Pennsylvania Water Co., 25 Pa. Superior Ct. 628;" Wm. Flaccus Oak Leather Co. v. Heasley, 50 Pa. Superior Ct. 127. It is unnecessary for us to discuss the reasons for this rule. Until the Supreme Court or the legislature change or modify the rule, it must continue to be the

law governing the effect of a sheriff's return regular on
its face.

The judgment of the court below is affirmed at the cost
of the appellant.