# Frank P. Miller Paper Co., Appellant, v. Keystone Coal & Coke Co.

*Practice, C. P.—Service of process—Sheriff's return—Conclusiveness of return—Extraneous evidence—Amendment—Plea in abatement—Affidavit of defense—Act of May 14, 1915, P. L. 483.*

1. In the absence of fraud, a sheriff's return, full and complete on its face, is conclusive upon the parties, and cannot be set aside on extrinsic evidence.

2. Where the sheriff's return is defective or incomplete it opens the door for extraneous evidence.

3. The party injured by a false return has his remedy against the sheriff, or the court will permit the latter to amend his return.

4. Prior to the Act of May 14, 1915, P. L. 483, a defendant, by plea in abatement, could challenge his amenability to suit in the jurisdiction where brought and, under that act, may do so in an affidavit of defense.

Argued March 26, 1920. Appeal, No. 76, Jan. T., 1920, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1917, No. 2857, making absolute rule to set aside service of writ in case of Frank P. Miller Paper Co. v. Keystone Coal & Coke Co. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Assumpsit for breach of contract to deliver coal.

Rule to set aside service of writ.

The court, in an opinion by ROGERS, J., 28 Pa. Dist. R. 775; 48 Pa. C. C. R. 72, made the rule absolute.

*Error assigned* was order making the rule absolute.

*Joseph Neff Ewing,* with him *Ralph B. Evans,* of *Prichard, Saul, Bayard & Evans,* for appellant.—The sheriff having made a return which was valid and complete upon its face, it was improper to entertain the defendant's rule to set aside service and strike off the return: Benwood Iron Works v. Hutchinson, 101 Pa. 359; Ben. Franklin Coal Co., Ltd., v. Penna. Water Co., 25 Pa. Superior Ct. 628; Stipp Construction Co. v. Sax & Abbott Construction Co., 23 Pa. Dist. Rep. 118; Schwartz v. Barrick Pub. Co., 60 Pitts. L. J. 689; Keystone Tel. Co. v. Diggs, 69 Pa. Superior Ct. 299; Holly v. Travis, 71 Pa. Superior Ct. 527.

*Chester N. Farr, Jr.,* with him *Albert B. Weimer* and *Wm. S. Rial,* for appellee.—The practice has been entirely changed by the Practice Act of 1915, and the procedure adopted in this case is proper under that act: Park Bros. v. Oil City Boiler Works, 204 Pa. 453; Fulton v. Commercial Travelers' Mut. Accident Assn., 172 Pa. 117; Hagerman v. Empire Slate Co., 97 Pa. 534; Bailey v. Williamsport, etc., R. R., 174 Pa. 114; Jensen v. Phila., etc., Ry., 201 Pa. 603.

OPINION BY MR. JUSTICE WALLING, April 12, 1920:

This is an action of assumpsit, brought in Philadelphia County, in which the sheriff made return of service of the summons as follows, viz: "Served Keystone Coal & Coke Company, the within named defendant company, by handing personally January 14, 1918, a true and attested copy of the within writ at Juniper and Chestnut streets, in the County of Philadelphia, State of Pennsylvania, the place of business of said defendant company, to M. T. Dean, the person for the time being in charge thereof, being unable to ascertain the residence of any of the officers of said defendant company within the county, upon inquiry at said place of business."

Admittedly the return is full and complete, but the defendant corporation, whose principal place of business

is in Westmoreland County, petitioned the court to set it aside on the ground that the corporation was not so engaged in business in Philadelphia County, or otherwise situated, as to be there subject to suit and service of process. Plaintiff filed a responsive answer and depositions were taken, upon consideration of which the court below made an order setting aside the service, and therefrom plaintiff brought this appeal.

In the absence of fraud, which is not here alleged, a sheriff's return, full and complete on its face, is conclusive upon the parties and cannot be set aside on extrinsic evidence: Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453, 458; Benwood Iron Works v. Hutchinson, 101 Pa. 359; Diller v. Roberts, 13 S. & R. 60; Ben. Franklin Coal Co., Ltd., v. Penna. Water Co., 25 Pa. Superior Ct. 628; Flaccus Oak Leather Co. v. Heasley, 50 Pa. Superior Ct. 127; Keystone Tel. Co. v. Diggs, 69 Pa. Superior Ct. 299. In delivering the opinion in the case last cited, our Brother KEPHART (then a member of the Superior Court) says: "It is unnecessary for us to discuss the reasons for this rule. Until the Supreme Court or the legislature change or modify the rule, it must continue to be the law governing the effect of a sheriff's return regular on its face." One reason therefor may be found in the fact that the sheriff's return is part of a court record.

Where the sheriff's return is defective or incomplete it opens the door for extraneous evidence: Park Bros. & Co. v. Oil City Boiler Works, supra; Fulton v. Commercial T. M. Accident Assn., 172 Pa. 117; Hagerman v. Empire Slate Co., 97 Pa. 534.

The party injured by a false return has his remedy against the sheriff, or the court will permit the latter to amend the return. Prior to the Act of May 14, 1915, P. L. 483, a defendant, by plea in abatement, could challenge his amenability to suit in the jurisdiction where brought and, under that act, may do so in an affidavit of defense. What we decide is that such a return as here

made cannot be impeached by extraneous evidence on application to set it aside. This rule unfortunately escaped the attention of the court below, and, were the question an open one, we might be impressed by the very earnest argument of appellee's counsel. It is unnecessary to decide whether, under the facts disclosed in the depositions, the suit was properly brought in Philadelphia County.

The order making absolute the rule to set aside the sheriff's return is reversed with a procedendo.