## J. K. Petty & Co., Inc., v. Dock Contracting Co., a corporation.

*Sales—Place of delivery—Act of May 19, 1915.*

1. Where goods of a certain style and type are ordered by number, as distinguished from specific articles, to be delivered at a certain place, the place of delivery is the place of performance of the contract.

2. Such a contract is governed by section 19, rule 5, of the Uniform Sales Act of May 19, 1915, P. L. 543, and not by rule 1 of the same section, and the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon.

*Corporations—Revocation of registration—Act of June 8, 1911.*

3. A corporation which registered as a foreign corporation doing business in Pennsylvania, under the Act of June 8, 1911, P. L. 710, and, while so registered, contracted for the sale and delivery in Pennsylvania of certain goods of a style and type described, as distinguished from specific articles, and subsequently broke the contract, thus creating an outstanding indebtedness in Pennsylvania, cannot revoke the authority of the Secretary of the Commonwealth as its agent for service of process.

*Corporations—Registration of—Doing business—Revocation—Estoppel— Act of June 8, 1911.*

4. Where a corporation has, as a prerequisite to registration, under the Act of June 8, 1911, P. L. 710, set forth that its principal place of business is in Philadelphia County, it cannot thereafter be permitted to aver, in an affidavit of defence in an action brought against it, that the statement of its place of business was false.

*Service of process—Sheriff's return—Service on Secretary of Commonwealth—Act of June 8, 1911.*

5. The sheriff's return in an action against a foreign corporation duly registered under the Act of June 8, 1911, P. L. 710, need not show the reason that the service was made upon the Secretary of the Commonwealth.

*Practice Act, 1915—Attacking jurisdiction of court.*

6. Since the Practice Act of May 14, 1915, P. L. 483, which abolishes pleas in abatement, an attack upon the service for want of jurisdiction of the court to issue its process must be made by affidavit of defence and not by petition and rule.

Rule to set aside service.  C. P. No. 5, Phila. Co., Sept. T., 1922, No. 660.

*Trevor T. Matthews* and *Wendell P. Bowman,* for plaintiff.

*E. Spencer Miller,* for defendant.

MARTIN, P. J., March 10, 1924.—This suit is against a foreign corporation, and the rule to show cause raises the question of the sufficiency of the service and the jurisdiction of the court to issue its process.

The material allegations of the petition for the rule are that the summons was served upon the Secretary of the Commonwealth under the provisions of the Act of June 8, 1911, P. L. 710, which provides for the registration of foreign corporations desiring to do business in the State of Pennsylvania, and authorizes process to be served upon the Secretary of the Commonwealth; that the act provides for such service where the action is brought "in any county of the Commonwealth in which said corporation shall have its principal place of business, or in such county in which the right of action arose;" that the defendant does not have, and never did have, its principal place of business, or any place of business, in the County of Philadelphia, and that it never did business in the County of Philadelphia or State of Pennsylvania; that on April 1, 1919, defendant revoked the power of attorney previously given to the Secretary of the Commonwealth under the said Act of 1911, and that at the time of said revocation there was no liability of the defendant in

the Commonwealth of Pennsylvania remaining outstanding; that the defendant never had any business relations with the plaintiff company in the State of Pennsylvania; that the transaction as set forth in the plaintiff's statement of claim was not a Pennsylvania contract or in any way connected with any business of defendant in Pennsylvania.

To the rule granted upon this petition the plaintiff filed an answer, averring, inter alia, that the defendant had, on or about April 1, 1917, duly registered as a foreign corporation under the said Act of June 8, 1911, with authority to serve process upon the Secretary of the Commonwealth; that it is untrue that the defendant does not have, and never did have, its principal place of business in the County of Philadelphia, and that it never did business in Philadelphia or Pennsylvania, but, on the contrary, the place of business in the Commonwealth of Pennsylvania, as appears by said registration in the office of the Secretary of the Commonwealth, is at No. 1011 Commonwealth Trust Building, Philadelphia; that the said revocation of authority to serve process upon the Secretary of the Commonwealth was of June 20, 1920, and not of April 1, 1919; that at the time of the said revocation the defendant's liability to the plaintiff under the contract in question, as indicated by the plaintiff's statement of claim, was and still is outstanding; that the contracts in question were made in Pennsylvania.

. The statement of claim indicates the contract in question, for the breach of which the suit is brought, to be based upon letters addressed to the defendant at Hoboken, New Jersey, ordering an air compressor, motor and certain accessories, with direction that the ordered goods should be delivered to "Lebanon Boiler Works, Lebanon, Pennsylvania, via Fgt. P. & H. or P. R. R. Delvy.," at a price f. o. b. Rochester, New York; "sight draft attached to bill of lading, payable on delivery of material at Lebanon, Pennsylvania." These written orders were accepted by letters mailed to the plaintiff at Lebanon, Pennsylvania. On March 19, 1918, the defendant refused performance of its said contracts.

The said Act of June 8, 1911, P. L. 710, requires a foreign corporation, before doing any business in this Commonwealth, to appoint the Secretary of the Commonwealth as its attorney and agent, upon whom all lawful process may be served; that the authority for such service of process shall continue in force so long as any liability remains outstanding against it in the Commonwealth; that such corporation, in so registering, shall state the location of its principal place of business in the Commonwealth; providing for service of such process by the Sheriff of Dauphin County, and that such process may be issued by any court having jurisdiction of the subject-matter in controversy, in any county of the Commonwealth in which said corporation shall have its principal place of business, or in such county in which the right of action arose.

The contention of the defendant is that the authority to the Secretary of the Commonwealth was revoked prior to suit, and when there was no "liability remaining outstanding against it in the Commonwealth." This leads to a consideration of the nature of the contracts upon which the suit is based. Are they contracts with a foreign corporation, made in another state, or are they Pennsylvania contracts, making their breach a liability outstanding at the time of the revocation of the authority given to the Secretary of the Commonwealth? The contracts provide for delivery at Lebanon, Pennsylvania; and, while the prices and terms are fixed f. o. b. Rochester, New York, the goods evidently were to be shipped with sight draft attached to bill of lading, payable on delivery of material at Lebanon, Pennsylvania; and this clearly

4 D. & C.

indicates not only a delivery at Lebanon, Pennsylvania, but a retention of ownership and control in the seller until the goods were so delivered.

The defendant, in support of its contention, cites the Uniform Sales Act of May 19, 1915, P. L. 543, section 19, rule 1, providing: "Where there is an unconditional contract to sell specific goods in a deliverable state, the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment or the time of delivery, or both, be postponed."

We do not think the contracts in question come within the provisions of this rule. There is nothing about the contracts in question to indicate that the goods were specific and ascertained and in a deliverable state. On the contrary, while the goods were ordered by number, the fair inference is that the number referred to a type of machine and not to an ascertained and specific thing. Moreover, rule 5 of the same section provides: "If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

The contracts in question clearly come within the terms of this rule. Both rules seem to be declaratory of the law as it existed prior to the passage of the act. Where goods of a certain style and type are ordered by number and to be delivered to a certain place, the place of delivery is the place of performance of the contract; and, in the case under consideration, this was Lebanon, Pennsylvania. Being Pennsylvania contracts, their breach prior to the revocation of the authority given to the Commonwealth left a liability outstanding at the time of such revocation, and, therefore, the defendant was subject to the service of process through the Secretary of the Commonwealth, under the authority given at the time of its registration in Pennsylvania.

The contention that the defendant never had an office or principal place of business in Pennsylvania is hardly tenable. As a prerequisite to registration under the provisions of the Act of 1911, the defendant was required and did set forth its principal place of business in this State as being in Philadelphia County, and the defendant cannot be permitted to now take advantage of what would have been a gross fraud upon the Commonwealth of Pennsylvania by averring that the statement then made was false and untrue. For the purposes of this case, we must take the fact to be that the defendant did have its place of business in Pennsylvania at No. 1011 Commonwealth Trust Building, Philadelphia.

The defendant, at the argument, suggests that the sheriff's return should have indicated the reason for service upon the defendant through the Secretary of the Commonwealth; in other words, that it should appear by this return that service was being made upon a foreign corporation. The service was properly made by the Sheriff of Dauphin County, as provided by the Act of 1911; and while it does not set forth that the defendant is a foreign corporation, or the service is being made upon a foreign corporation, yet it necessarily follows that such must be the case, since there is no other authority in Pennsylvania to serve a defendant foreign corporation in this manner; but, aside from this, the question of this insufficiency in the return is not raised by the pleadings.

Incidentally, in asking to strike off the service in this case, the question of the jurisdiction of the court to issue its process is raised. It is true the act provides that the process shall be issued by any court of a county in which a corporation shall have its principal place of business, or in which the right

J. K. Petty & Co., Inc., *v*. Dock Contracting Co., a corporation.

of action arose; and the defendant, in the petition for the rule, sets forth that the defendant "does not and never did have its principal place of business in the County of Philadelphia." The answer denies this averment, and then sets up the statement of the defendant under its corporate seal and duly executed by its officers, made to the Secretary of the Commonwealth, that its principal place of business in Pennsylvania is at No. 1011 Commonwealth Trust Building, Philadelphia. This may be a sufficient answer, but the question of the jurisdiction of the court does not seem to have been properly raised in this case. The Act of May 14, 1915, § 3, P. L. 483, provides: "Pleas in abatement, pleas of the general issue, payment, payment with leave, set-off, the bar of the statute of limitations, and all other pleas, are abolished. Defences heretofore raised by these pleas shall be made in the affidavit of defence."

At common law, pleas to the jurisdiction were something separate and apart from pleas in abatement; but, in modern practice, pleas in abatement extended to all dilatory pleas, including pleas to the jurisdiction. The effort of the defendant to strike off the service in this case is in the nature of a plea in abatement of the writ, and, therefore, comprehended within the term "plea in abatement;" and, since the Practice Act of 1915, these questions should be raised by affidavit of defence and not by petition and rule. The Supreme Court seems to have reached this conclusion in Miller Paper Co. *v*. Keystone C. and C. Co., 267 Pa. 180, and Miller Paper Co. *v*. Keystone C. and C. Co., 275 Pa. 40, 42, in which it was held that the question of jurisdiction, under similar facts, should be raised by affidavit of defence.

We, therefore, reach these conclusions: The defendant was registered as a foreign corporation, with its principal place of business at No. 1011 Commonwealth Trust Building, Philadelphia; and, while so registered, contracted with the plaintiff for the sale and delivery at Lebanon, Pennsylvania, of certain goods, making Pennsylvania contracts; that the said contracts were broken by the defendant while so registered, and this created an outstanding indebtedness in Pennsylvania. While this indebtedness was outstanding, the defendant revoked its authority theretofore given to the Secretary of the Commonwealth. The service in this case was properly made upon the Secretary of the Commonwealth, and cannot be stricken off for that reason, or by reason of any insufficiency in the return. The question of jurisdiction in this case must be raised by affidavit of defence and not by petition and rule.

And now, to wit, March 10, 1924, rule discharged.