## Specktor et al. v. Aetna Insurance Company.

*Foreign insurance companies—Registration—Service of process on Insurance Commissioner—Act of May 17, 1921.*

1. Under the Insurance Company Law of May 17, 1921, P. L. 682, the 301st section of which requires a foreign insurance company, before the transaction of business in Pennsylvania, to appoint the Insurance Commissioner its attorney for the service of process, and the 344th section of which authorizes suit to be brought against such company in every county where it transacts business, a citizen of another state, who has sustained a loss under a fire policy on property in that state, may bring suit in Pennsylvania in the Court of Common Pleas of the county in which the company transacts its business and have process, directed to the sheriff of that county (*i..e.*, the county in which suit is brought), served by the Sheriff of Dauphin County as his deputy upon the Insurance Commissioner.

*Practice, C. P.—Pleas to the jurisdiction and in abatement—Affidavit of defence—Practice Act of May 14, 1915.*

2. Since the passage of the Practice Act of May 14, 1915, P. L. 483, an attack upon the service for want of jurisdiction in the court to issue its process should be made by affidavit of defence and not by petition and rule.

Rule to strike off service of writ. C. P. No. 5, Phila. Co., Dec. T., 1922, No. 4064.

*W. A. Gray,* for plaintiffs; *A. L. Moise* and *H. M. Schell,* for defendant.

MARTIN, P. J., June 13, 1924.—The plaintiffs are here suing for a loss by fire under a policy of insurance issued by the defendant to cover the property of the plaintiffs.

Pursuant to a petition of the defendant, a rule issued upon the plaintiffs to show cause why the service should not be stricken off for want of jurisdiction. Under the rule, a stipulation of agreed facts was filed by the parties, setting forth, *inter alia,* that the defendant is a foreign insurance corporation, duly registered to transact business in Pennsylvania and transacting business in the City of Philadelphia, and under the laws of the State pertaining to the registration of such corporations has appointed the Insurance Commissioner of the Commonwealth as its attorney upon whom legal process may be

served; that the defendant, by the policy of insurance upon which this suit is brought, insured the personal property of the plaintiffs in their store at Camden, New Jersey, the insurance being effected and the policy delivered in Camden, and the property insured being in Camden at the time of the fire causing the loss for which the plaintiffs are here claiming; that the service in this suit was made upon the Insurance Commissioner of the Commonwealth by the Sheriff of Philadelphia County through deputation of the Sheriff of Dauphin County.

The question raised by the rule and the facts is the legality of the service involving the jurisdiction of this court.

The Act of May 17, 1921, § 301, P. L. 682, at page 696, provides for the registration of foreign insurance companies prior to the transaction of business in Pennsylvania, and requires them to appoint the Insurance Commissioner as attorney upon whom process may be served, and this appointment so filed is irrevocable, "so long as any liability of the company remains outstanding in this Commonwealth."

Section 344 of the act, at page 713, provides: "Any person or persons, body politic or corporate, who or which has a cause of action against any insurance company incorporated under the laws of this Commonwealth, or against any insurance company that has an agency established in this Commonwealth, may bring suit in a Court of Common Pleas or before any justice of the peace, alderman or magistrate in any county where such company transacts business or the property insured is located, . . . and to direct any process to the sheriff or constable of any of the counties in this Commonwealth."

It being admitted that the defendant company transacts its business in the City of Philadelphia (judicially noticed to be in the County of Philadelphia) under said section 344 of the Insurance Act of 1921, this court has jurisdiction of the case, and under the appointment of and the authority given to the Insurance Commissioner of the Commonwealth of Pennsylvania by its power of attorney, the defendant is properly in court through service upon that official; and the latter part of said section 344 expressly empowers the court to direct the service to the sheriff of any county of the Commonwealth. In this case the process was directed to the Sheriff of Philadelphia County, and was duly served by his appointee, the Sheriff of Dauphin County; and there is no reason why the process should not be served by a deputy, even though he may be the sheriff of another county.

The defendant contends that the intention of the requirement to appoint the Insurance Commissioner of Pennsylvania an attorney upon whom process may be served was to restrict such authority to causes of action arising in the State of Pennsylvania. A fair reading of the act, and the authority given under that act, fails to bear out this contention, and the construction given to similar provisions in the laws of other states is that the authority to accept service is general and not restricted.

In Fire Insurance Co. *v.* Mining and Milling Co., 243 U. S. 93, considering a Missouri law almost identical in its terms with that of our State, the courts of that state held that service of the process in an action on a policy issued in Colorado, insuring a building in the latter state, could be made upon the Superintendent of Insurance of Missouri under a power of attorney authorizing such service, "so long as it should have any liability outstanding in the state." The Supreme Court of the United States held that "the construction had a rational basis in the statute, and, therefore, could not be deemed to deprive the company of due process of law, even if it took it by surprise," and affirmed the decision of the Missouri court.

4 D. & C.

Spector et al. v. Ætna Insurance Company.

The propriety of the method of attack upon the service by petition and rule may also be questioned. This was unquestionably the proper proceeding prior to the Practice Act of May 14, 1915, P. L. 483. Section 3 of that act provides that "pleas in abatement, pleas of the general issue, payment, payment with leave, set off, the bar of the statute of limitations, and all other pleas, are abolished. Defences heretofore raised by those pleas shall be made in the affidavit of defence." In the recent cases of Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180, and Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40-42, it was held that the question of jurisdiction, under similar facts, should be raised by affidavit of defence, and this court, in an opinion filed on March 10, 1924, in J. K. Petty & Co. v. Dock Contracting Co., 4 D. & C. 737, held that an attack upon the service for want of jurisdiction should be raised by affidavit of defence and not by petition and rule.

The conclusion is that the suit was properly brought in Philadelphia County, that the service was duly authorized to be made, and was properly made by the Sheriff of Philadelphia County, and that the attack upon the service for want of jurisdiction in the court to issue its process should be made by affidavit of defence under the Practice Act of 1915 and not by petition and rule.

And now, to wit, June 13, 1924, rule discharged.