## Gehret, Jr., v. Pizitz. Gehret, 3rd, v. Pizitz. Gilbert v. Pizitz.

*Sheriff's return — Contradicting same by extrinsic evidence — Service of Process Act of July 9, 1901.*

Where the sheriff's return of service is sufficient in form and is in substantial compliance with the Act of July 9, 1901, P. L. 614, it cannot be attacked by extrinsic evidence, even where the facts set up in the return are such that the sheriff could have gained knowledge of them only by hearsay. Thus, where the return avers that service was made by leaving a true and attested copy of the writ with an adult member of defendant"s family at his dwelling-house, evidence that the writ was left with one who was not a member of the family, but a member of the same college fraternity as the defendant, and that service was made at the fraternity house and not at his dwelling, is inadmissible, and an affidavit of defence raising the question of the jurisdiction of the court is insufficient.

Affidavit of defence raising jurisdictional question. M. C. Phila. Co., March T., 1924, Nos. 190, 191 and 195.

*Louis Wagner,* for plaintiffs; *Robert McCracken,* for defendant.

LEWIS, J., Jan. 23, 1925.—The above cases were called for trial on Dec. 4, 1924, and it was agreed by counsel that the preliminary question of jurisdiction be first disposed of by the judge sitting without a jury, despite the original demand for a jury trial.

In each of these cases an affidavit of defence was filed raising a jurisdictional question by attacking the service of the writ. It appears from the record that the writ was served by leaving a true and attested copy thereof with an adult member of the family of the defendant at his dwelling-house in the City of Philadelphia on March 13, 1924.

526 DISTRICT AND COUNTY REPORTS. [5 D. & C.]

Gehret, Jr., v. Pizitz. Gehret, 3rd, v. Pizitz. Gilbert v. Pizitz.

According to the testimony that was taken, the writ was left with one Alexander Rubin, who is not a member of defendant's family. The defendant occupies the second floor front room of the fraternity house at No. 3745 Locust Street, Philadelphia, and Alexander Rubin, who is a member of the same college fraternity to which the defendant belongs, occupies the third floor front of the same fraternity house.

It is contended by the plaintiff that the sheriff's return, being full and complete on its face, cannot be contradicted and must be considered conclusive between the parties to the action. The defendant, on the other hand, maintains that the sheriff's return can be contradicted where the sheriff attempts to set up facts in the return the knowledge of which can only be gained by the sheriff through hearsay.

In the case of the Keystone Telephone Co. v. Diggs, 69 Pa. Superior Ct. 299, a petition was filed by the defendant to strike off the service of the summons on the ground that the summons in question was handed to a Miss Rose Cutler, who, on that day, was visiting the defendant at his residence. That Miss Rose Cutler was not a member of the defendant's family; that she did not reside with the defendant, but was merely visiting the defendant at the time the writ of summons was handed to her by the deputy sheriff.

Quoting from Garret v. Turner, 47 Pa. Superior Ct. 128, Kephart, J., in the last-cited case, said: "The return was good on its face and it ought not to have been set aside upon evidence *aliunde* tending to establish that it was not true: Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453; Ben Franklin Coal Co., Limited, v. Pennsylvania Water Co., 25 Pa. Superior Ct. 628; Wm. Flaccus Oak Leather Co. v. Heasley, 50 Pa. Superior Ct. 127."

Prather, P. J., in Altenberg v. Shreve Chair and Lumber Co., 1 D. & C. 472, refers to a large number of authorities on the effect of a sheriff's and constable's return of writs, and he comes to the conclusion that it is only "where the sheriff's return is defective or incomplete that it opens the door to extraneous evidence."

In Holly v. Travis, 267 Pa. 136, it was held that the sheriff's return is conclusive because "it becomes part of the records of the court which 'Are of such high and super-eminent authority that their truth is not to be called in question, for it is a settled rule and maxim that nothing shall be averred against the record, nor shall any plea or even proof be admitted to the contrary: 3 Blackstone's Comm., 24.'"

The net result of the authorities upon the proposition involved is unquestionably to the effect that a return regular on its face must be considered absolute and conclusive between the parties to the action, and evidence to contradict that return cannot be considered. While this situation may frequently work a hardship upon litigants, a conclusion to the contrary would open wide a flood of investigations involving service of process that would retard rather than advance the purpose of a trial—a speedy finality to every litigated controversy. At any rate, and in the language of Judge Kephart in Keystone Telephone Co. v. Diggs, 69 Pa. Superior Ct. 299: "Until the Supreme Court or the legislature change or modify the rule, it must continue to be the law governing the effect of a sheriff's return regular on its face."

In view of the record showing that the return of service in the case at bar is sufficient in form and is in substantial compliance with the Act of July 9, 1901, P. L. 614, we are of the opinion that the defendant's attack on the service cannot be sustained. Accordingly, upon the preliminary question of the court's jurisdiction, the court enters a finding for the plaintiff.