## Morton v. United Hardware and Supply Company.

*Pleadings and process — Service — Sheriff's return—Seal of the court—Conclusiveness of return.*

1. A sheriff's return will not be set aside on the ground that the writ served did not contain the seal of the court, where the summons returned by the sheriff contains a seal and the return states that the sheriff served a true and attested copy on defendant.

2. In the absence of fraud, a sheriff's return, full and complete on its face, is conclusive upon the parties and cannot be set aside upon extrinsic evidence.

Rule to set aside sheriff's return. C. P. Erie Co., Feb. T., 1927, No. 381.

*W. R. Seabrook*, for plaintiff.

*J. M. Sherwin* and *W. S. Caroll*, for defendant.

ROSSITER, P. J., June 15, 1927.—Summons in *assumpsit* was issued in the above entitled case, which was returned: "January 18, 1927. Served this writ upon the within named defendant, United Hardware and Supply Company, by handing a true and attested copy of this writ to C. M. Turner, Manager, and making contents thereof known to him, at 915 State St. So answers, Thomas Garfield Sterrett, Sheriff."

The defendant, after obtaining leave to appear *de bene esse*, filed a motion to set aside the service of the writ, "for the reason that the writ served upon United Hardware and Supply Company, which is hereto attached, did not contain the seal of the Court of Common Pleas of Erie County, Pennsylvania."

An inspection of the summons attached to this motion discloses that the seal referred to does not appear thereon. The summons, however, returned by the sheriff does contain the seal and the sheriff returns that he not only served a true and attested copy thereof on the manager of the defendant, but that he made known the contents thereof to him.

It has long been the rule, and has uninterruptedly been held, that, in the absence of fraud, a sheriff's return, full and complete on its face, is conclusive upon the parties and cannot be set aside upon extrinsic evidence: Park Bros. & Co. *v.* Oil City Boiler Works, 204 Pa. 453, 458; Benwood Iron

Works v. Hutchinson, 101 Pa. 359; Diller v. Roberts, 13 S. & R. 60; Ben Franklin Coal Co., Ltd., v. Pennsylvania Water Co., 25 Pa. Superior Ct. 628; Flaccus Oak Leather Co. v. Heasley, 50 Pa. Superior Ct. 127; Keystone Telephone Co. v. Diggs, 69 Pa. Superior Ct. 299; Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180.

Here, there is no fraud alleged, the sheriff's return is full and complete upon its face, and even if the summons could be set aside on extrinsic evidence, there is no extrinsic evidence offered. All that we have before us is the motion to set aside the service with the copy of the summons attached, and that C. M. Turner says that it is the copy that was served upon him. It would be establishing a dangerous precedent to take the word of every defendant as against a sheriff's return, and this is the reason, probably, that the law is as above quoted.

The rule, therefore, granted Feb. 7, 1927, to show cause why the service of the summons should not be set aside is now, June 15, 1927, discharged.

From Otto Herbst, Erie, Pa.