## Herr v. Standard Life Insurance Company of America.

*H. Arronson*, for plaintiff; *H. H. Rapp*, for defendant.

MARTIN, P. J., July 28, 1930.—An action of *assumpsit* was instituted by plaintiff against the defendant to recover commissions for procuring life insurance. The summons in *assumpsit* was served by the sheriff and return made, "served Standard Life Insurance Co. of America, a corp., the within named defendant, at Ledger Bildg. in the City and County of Philadelphia, the place of business of said defendant company, by handing a true and attested copy of the within writ, on April 30, 1930, to Mr. Dunbar, the person for the time being in charge thereof, being unable to ascertain the residence of any of the officers of said defendant company within the county on inquiry at said place of business. So answers, Louis Silverstein, Deputy Sheriff; Thomas W. Cunningham, Sheriff."

A petition was filed on behalf of defendant, averring that defendant is a corporation organized under the laws of Pennsylvania, with its principal place of business in Pittsburgh, and that no portion of the real estate belonging to defendant is situated in Philadelphia County; that petitioner transacts no business and owns no property in the County of Philadelphia, except that it maintains an office in the Public Ledger Building, 6th and Chestnut Streets, Philadelphia, and owns the furniture therein; but that the office is merely a branch office operated for soliciting applications for life insurance policies, which, when obtained, are transmitted to the principal office at Pittsburgh for approval, and if approved, the life insurance policies are issued from Pittsburgh, but the Philadelphia office is for the convenience of persons insured, as a place where premiums may be paid, and which, when paid, are transmitted to Pittsburgh; that solicitation and occasional receiving of premiums do not constitute a substantial doing of business in the sense that it renders defendant amenable to the jurisdiction of this court; that Mr. Dunbar, the person upon whom the writ is claimed to have been served, is not an executive officer, member of the board of directors, or chief clerk of petitioner; that neither the directors, the president, secretary, treasurer, general manager, or other executive officer, reside in the County of Philadelphia.

A rule was entered to show cause why the service of the writ should not be set aside and the return of the sheriff stricken from the record.

An answer was filed by plaintiff, averring that, in addition to its principal office maintained in Pittsburgh, defendant maintains, conducts and occupies the office at No. 831 Public Ledger Building, in the City of Philadelphia, which office has charge of all the activities of the corporation for the Eastern District of Pennsylvania; that this office is in charge of a duly authorized agent and manager, Baxter Reynolds, who is manager for the Eastern Dis-

trict of Pennsylvania on behalf of defendant; that defendant transacts a substantial portion of its business in the City and County of Philadelphia, which during the last year exceeded the sum of $1,000,000; that the Philadelphia office has charge of all the operations of defendant, acting through its agents, solicitors, medical advisers and employees in the Eastern District of Pennsylvania, composed of the State of Pennsylvania east of the Susquehanna River and the State of New Jersey; that all policies issued by the company to policyholders residing in the Eastern District are sent to the office No. 831 Public Ledger Building and delivered by agents, solicitors and representatives of the defendant who are connected with that office to policyholders residing in the district; that all premiums due on policies issued in the district are collected by representatives and employees of the defendant, who have their offices at No. 831 Public Ledger Building, in the City of Philadelphia; that all premiums due on policies issued to people residing in the district are payable at No. 831 Public Ledger Building, in the City of Philadelphia; that all premium receipts issued by the company in connection with such policies are countersigned by Baxter Reynolds, the duly authorized agent and representative of the defendant in the Eastern District; that the contract under which plaintiff has brought suit against the defendant was delivered by defendant in the City of Philadelphia; that all premiums and policies issued by defendant for the Eastern District are received at No. 831 Public Ledger Building, in the City of Philadelphia, and deposited to the credit of defendant in the Integrity Trust Company, a banking institution in the City of Philadelphia; that the daily average balance in this bank amounts to $2000; that defendant owns all the furniture, tools, equipment and appliances located in the office, No. 831 Public Ledger Building; that the lease for the office is in the name of defendant, and the rent is paid by defendant; that defendant has a telephone in the office and pays for telephone service, and the telephone is listed in the name of defendant; that the activities of defendant in the City of Philadelphia constitute a substantial doing of business; that the name of defendant and this address, No. 831 Public Ledger Building, is printed on the stationary issued out of this office; that application blanks for insurance, cards and literature indicate that defendant maintains an office for the transaction of its business in the City of Philadelphia; that the cause of action on which this suit arises is in connection with the delivery of insurance policies in the amount of $200,000, delivered from the office in the City of Philadelphia; that the cashier of the company, authorized to receive premiums, countersign insurance receipts and take care of the duties relating thereto, is Thomas M. Dunbar; that the return made by the sheriff is conclusive upon defendant; that Baxter Reynolds, the manager for the Eastern District, resides within the district.

Depositions were taken in support of the answer. It appears in the testimony that a substantial part of the business conducted by defendant is transacted in the City of Philadelphia; that Mr. Dunbar, upon whom the writ was served, is an employee of defendant, and "the person for the time being in charge."

The sheriff's return is full and complete on its face. There is no allegation of fraud.

"In the absence of fraud, which is not alleged here, a sheriff's return, full and complete on its face, is conclusive upon the parties and cannot be set aside on extrinsic evidence:" Walling, J., in Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180, 182; Lindsay & Co. v. Pittsburgh Tin Plate and Steel Corp., 29 Dist. R. 569.

The testimony discloses that one of the defendant's principal offices, where a substantial part of its business is transacted, is located in the City of Philadelphia, where the writ was served; and that the return made by the sheriff of service is full and complete.

The writ was properly served. No legal ground has been presented for striking off the service.

And now, July 28, 1930, the rule to show cause why the service of the writ should not be set aside and the return of the sheriff struck from the record is discharged.