## Taylor-Davis, Inc., v. Howells et al.

*W. C. Devitt*, for plaintiff; *M. A. Kilker*, for defendants.

KOCH, P. J., December 22, 1930.—The ground of this motion, as stated, is that "the writ of summons does not set forth the return day of the said writ," and that the copy attached to the motion "does not set forth what Monday in November the defendants are summoned to appear." But an inspection of the summons, upon which the sheriff made his return, does show that the defendants were to appear on the second Monday of November, 1930. So the first ground stated is baseless.

The summons is dated October 20, 1930, and the first return day following that was Monday, November 10, 1930.

The copy attached to the motion shows that the defendants were to appear "on the ———— Monday of November next to answer," etc. The sheriff evidently failed to make a correct copy of the summons, in that he omitted the word "second" before the word "Monday." But the sheriff made service on October 21, 1930, which was more than ten days before the beginning of the November term of our court on November 10, 1930, and, as his return is full and complete, it cannot be set aside on extrinsic evidence. If the sheriff's return is false, the defendants, if injured, have their remedy against him: Frank P. Miller Paper Co. *v.* Keystone Coal and Coke Co., 267 Pa. 180; Keystone Telephone Co. *v.* Diggs, 69 Pa. Superior Ct. 299. But even though he failed to mention the return day in the summons, the return day next following the date of the summons was the day upon which the defendants were required to appear, if more than ten days after the date of the summons: Misho *v.* McClelland, 20 Pa. C. C. 302. Inasmuch as the return day was twenty days after the date of the summons, the defendants were required to appear and answer on November 10, 1930.

And now, December 22, 1930, the motion is overruled and the defendants are allowed fifteen days within which to file an affidavit of defense to the merits.

From M. M. Burke, Shenandoah, Pa.