Wood, Appellant, v. Industrial H., A. & L. Ins. Co.

Argued November 22, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-ham, Baldrige, Stadtfeld and Parker, JJ.

*James A. Cochrane,* for appellant.

*George J. Edwards, Jr.,* and with him *Geary & Rankin,* for appellee.

OPINION BY STADTFELD, J., December 16, 1932:

This is an appeal by plaintiff from an order of the lower court sustaining exceptions sur certiorari to a judgment of an alderman in an action of assumpsit because of alleged insufficiency of a constable's return to the writ of summons.

On January 19, 1932, a suit was instituted against The Industrial Health, Accident and Life Insurance Company before Thomas C. Berry, an alderman of the City of Chester, by Rosella Wood, beneficiary, upon a life insurance policy, in the amount of $200, issued on the life of Eliza Pryor.

The return made by the constable is as follows: "Samuel L. Wheaton, Constable, being duly sworn saith he served the within writ of summons January 21, 1932, upon the Industrial Health, Accident and Life Insurance Co., a corp., the within named deft., by handing a true and attested copy, thereof, at their place of business, Chester, Delaware County, Penna., to Robert Enion, an adult for the time being in charge thereof and upon inquiry thereat the residence of one of the officials of said Co., in the County of Delaware is not ascertained."

Judgment was rendered in favor of plaintiff for the amount claimed on January 26, 1932. On February 27, 1932, a writ of certiorari issued. The exceptions filed attack the jurisdiction of the alderman on the grounds, inter alia, (1) that the return fails to show service on defendant's "agents or persons in charge, and (2) fails to show service at defendant's place of business." The court below, BROOMALL, 3rd., J., sustained the exceptions, and reversed the judgment on the ground that the return must indicate defendant's supposed place of business with more definiteness than merely, "at their place of business, Chester, Delaware County, Pennsylvania," citing Bayard v. Mack, 17 Dist. Rep. 165 in support of its order. From that order this appeal is taken.

The act of July 9, 1901, P. L. 614, amended by the act of April 3, 1903, P. L. 139, Section 1, Clause (e), 12 P. S. §293, provides that the writ of summons may be served "(e) By handing a true and attested copy thereof, at any of its offices, depots, or places of business, to its agents or persons for the time being in charge thereof, if upon inquiry thereat the residence of one of said officers within the county is not ascertained, or if from any cause an attempt to serve at the residence given has failed."

According to the affidavit sur application for writ of certiorari filed by the insurance company, service of process was had on Robert Enion, a local superintendent in Chester, Delaware County, Pennsylvania, for the purpose of soliciting members, collecting dues and remitting the money collected to the main office in Philadelphia.

The writ of certiorari brings up for review nothing but the record, and the court to which it is returned has jurisdiction to correct only such irregularities, if any, as appear on the face of the record. Holly v. Travis, 267 Pa. 136.

The act of 1901, supra, requires the service to be made upon defendant's "agents or persons" for the time being in charge of its place of business. The return shows service by handing a copy to "Robert Enion, an adult for the time being in charge thereof." An almost identical return was sustained in the case of Herr v. Standard Life Ins. Co., 14 D. & C. 337. We do not consider that the term, "adult," as used in place of the word, "agents" or "persons," as material.

Appellee particularly urges in support of its contention that the return fails to show service at defendant's place of business, because it does not show where the said place of business is located. The return in terms shows service "at their place of business, Chester, Delaware County, Pennsylvania." The return of service is sufficient in form and in substantial compliance with the requirements of the statute as set forth in section 1, clause (e) recited supra. In the absence of fraud, a sheriff's return, full and complete on its face, is conclusive upon the parties, and cannot be set aside on extrinsic evidence. Miller Paper Co. v. Keystone Coal and Coke Co., 267 Pa. 180; Ben Franklin Coal Co., Ltd. v. Penna. Water Co., 25 Pa. Superior Ct. 628. The same rule applies to a constable's return. Holly v. Travis, supra. If the return is false, defendant's action is against the officer. MacGeorge v. Harrison Chemical Mfg. Co., 141 Pa. 575. The case of Bayard v. Mack, supra, cited by the lower court, is not supported by the decisions of our appellate courts.

We are of the opinion that the return in this case contains all that is requisite for a good service and return under the act of assembly. The assignment of error is sustained, the order of the court below is reversed, and judgment is now entered in favor of plaintiff.