## Federal Discount Company v. Oldinsky et al.

*V. J. Dalton*, for plaintiff;  *J. P. Bohorad*, for defendants.

HICKS, P. J., March 5, 1934.—On September 23, 1932, a judgment by default was entered by an alderman against the defendants for $204.75, action having been brought against them as endorsers of a judgment note. On October 13, 1932, execution was issued. An alias execution was issued on February 16, 1933.

The record contains no return of either execution. On April 26, 1933, the defendant, Anthony Lucyk, presented his petition for leave to file an appeal nunc pro tunc from the judgment entered by default against him on September 23, 1932. A rule was granted which is now before us for disposition.

The principal reasons, set out in the petition for the allowance of the appeal nunc pro tunc, are: (1) That Anthony Lucyk, the petitioner, was never served with a summons and had no knowledge of the action pending against him or the entry of the default judgment until execution issued; and (2), that he did not endorse the note or authorize anyone to do so for him.

The grant or refusal of an appeal nunc pro tunc is a matter of sound discretion: A. J. Kutz & Son, to use, v. Skinner, 7 Pa. Superior Ct. 346, 348. While it is true that there is always an exercise of judicial discretion in this class of cases, yet it must be based upon something which gives the judiciary a right to set aside the provisions of a statute prescribing the time within which an appeal may be taken: Anheuser Busch Brewing Co. v. Halpern Beverage Co., 13 D. & C. 451, 452. " 'Where an act of assembly fixes the time within which an act must be done, as for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc.' Wise v. Cambridge Springs Borough, 262 Pa. 139. Where there is fraud practiced or the defendant is misled by the Magistrate such appeal may be allowed, but there must be fraud or its equivalent": Marcus v. Cohen et al., 94 Pa. Superior Ct. 383, 385, 386. In the exercise of its equitable powers, the court will reach far to prevent the triumph of fraud. "When it is alleged on adequate proofs that a judgment in whole or in part has been obtained by a suppression of the truth which it was the duty of the party to disclose or by the suggestion of a falsehood or by any of the infinite and therefore undefinable means by which fraud may be practiced, no court will allow itself, its records, and the process of law to be used as instruments of fraud": Kaumagraph Co. v. Thissen Silk Co., 42 Pa. Superior Ct. 110, 114; First National Bank v. Fair, 72 Pa. Superior Ct. 457, 461; Patterson v. Gallitzin B. & L. Assn., 23 Pa. Superior Ct. 54, 57. The court has discretion to allow an appeal from a magistrate nunc pro tunc, when the depositions show that the magistrate had no jurisdiction and that the defendant was misled by the magistrate's statement: Hestonville Passenger Ry. v. Boyle, 1 Dist. R. 230.

The judgment entered in this case was one of default. The defendant did not appear at the time fixed for hearing and, so far as the depositions show, was not served with the summons and did not learn of the judgment until an execution issued. Did the magistrate have jurisdiction over the defendant, Anthony Lucyk, and authority to enter judgment against him by default? Does the magistrate's record show a lawful service? If the constable's return is regular on its face, showing service, parol evidence will not be permitted to contradict it: Wetherhold v. Rex, 3 D. & C. 382; and the relevant depositions taken could not be considered. A constable's return, regular on its face, is conclusive and cannot be contradicted by parol testimony. Under section 16 of the Act of July 9, 1901, P. L. 614, which provides that service by constables shall be "in the same manner and with like effect as similar writs are served by the sheriff", a constable's return is as conclusive as that of a sheriff: Holly v. Travis, 267 Pa. 136, 142, 143; Ristau et ux. v. Crew Levick Co., 109 Pa. Superior Ct. 357, 362; Wood v. Industrial H., A. & L. Ins. Co., 107 Pa. Superior Ct. 338, 341; Taylor v. Tudor et al., 83 Pa. Superior Ct. 459, 461. If the return is false, the defendant's action is against the officer. "It is only 'where the sheriff's return is defective or incomplete that it opens the door to extraneous evidence': Park

Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453, 458; Fulton v. Commercial T. M. Accident Assn., 172 Pa. 117; Hagerman v. Empire Slate Co., 97 Pa. 534; Miller Paper Co. v. Keystone Coal & Coke Co., 267 Pa. 180": Altenberg v. Shreve Chair & Lumber Co., 1 D. & C. 472, 473. Our inquiry is, does the record show a lawful service by the constable?

The transcript of the magistrate's record shows service "on Anthony Lucyk, by handing a true and attested copy thereof to Josephine Lucyk, an adult person in charge at his place of business on September 19, 1932. Also at the same time served them with a certified copy of Plff's affidavit and statement of claim as filed in this case."

The return of service is apparently meant to be made under the Act of July 9, 1901, P. L. 614, sec. 1(e), which provides that the writ of summons may be served upon an individual "by handing a true and attested copy thereof, at his place of business, to his agent, partner, or the person for the time being in charge thereof, if upon inquiry thereat his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed." By comparing the return made with the section of the act, it is seen that the return is irregular, defective, and deficient, because such a method of service is subject to the conditional clauses: "If upon inquiry thereat [the place of business] his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed." The return does not state that any inquiry was made, nor that any attempt to serve at the residence had failed, and to make a valid return the facts should be affirmatively stated therein, which will bring the service within some of the methods prescribed by statute: Park Bros. & Co., Ltd., v. Oil City Boiler Works, supra, p. 458; O'Brien v. Batlett, Hayward & Co., 12 Dist. R. 746, 747, 748; American Hotel Supply Co. v. Bryant, etc., 19 Dist. R. 702.

The return of the constable lacking conclusiveness and being defective and incomplete, extraneous evidence may be received to show the actual service or lack of it. From the depositions, it conclusively appears that the petitioner's 10-year-old daughter found the summons on a counter in his store and gave it to her mother, who never informed her husband of it or gave it to him. This was an illegal service under the Act of 1901, supra, and gave the magistrate no jurisdiction over the defendant petitioner, and the former had no authority to enter judgment against the latter by default. Upon certiorari, the magistrate would have been reversed for lack of jurisdiction to enter the judgment, and this even though the 20-day limitation, similar to that in appeals, had passed, as it does not apply in such cases: American Hotel Supply Co. v. Bryant, etc., supra, p. 702. The doctrine of laches does not apply, and this question of lack of jurisdiction would have been reviewed upon certiorari at any time.

We are constrained to conclude that the remedy in this case is certiorari and not an appeal nunc pro tunc, since there was no fraud practiced nor was the defendant misled by the magistrate: Marcus v. Cohen et al., supra, pp. 385, 386. Upon certiorari by the petitioner, the 20-day limitation not applying because of lack of jurisdiction, if no further evidence is offered than is now contained in the depositions, the judgment of the magistrate will most certainly be reversed. See Standard Talking Machine Co. v. Bonani, 23 Dist. R. 201, 202, 203. We think the petitioning defendant's remedy is certiorari, which may issue at any time.

And now, March 5, 1934, the rule to show cause why an appeal should not be allowed nunc pro tunc is hereby discharged.

From M. M. Burke, Shenandoah, Pa.