458

## Wells v. Nelson

*Harry L. Keck* and *J. M. Hittle,* for appellant.

*Templeton, Whiteman, Gilkey & Voorhies,* contra.

ROWLEY, P. J., June 7, 1937.—This matter is before the court upon a writ of certiorari directed to James W. Daywalt, a justice of the peace.

The proceeding was begun by attachment issued by said justice of the peace. However, as stated in appellant's supplemental brief, "this is an action in trespass for alleged damages to appellee's automobile, and the fact that suit was started by attachment proceedings does not have any particular bearing on the merits of the case."

The following matters are conceded by both appellant and appellee:

(*a*) Suit was brought in trespass before a justice of the peace in Mercer County to recover damages resulting from an automobile collision, occurring within Mercer County.

(*b*) Plaintiff was a resident of Pennsylvania; defendant was a resident of Michigan.

(*c*) Process was served on defendant while she was within Mercer County.

(*d*) Plaintiff's claim is in excess of $100, to wit, $221.92.

(*e*) Plaintiff did not produce a receipted bill sworn to by the party making such repairs (of the damages).

In the action the justice of the peace rendered judgment in favor of plaintiff for $221.92.

Appellant contends that, by reason of her nonresidence in Mercer County, the justice of the peace was without jurisdiction for two reasons, viz.: (1) Plaintiff's claim was for an amount in excess of $100; (2) plaintiff did not produce a receipted bill for the repairs of the damages, sworn to by the party making such repairs. The only matter for our determination is whether, defendant being a nonresident, the justice was without jurisdiction for the two reasons recited above.

Previous to enactment of section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, and precedent acts of similar import, one who was damaged by an automobile operated by a nonresident was usually obliged to follow the operator into the county of the latter's residence in order to obtain service upon him, with the result that the cause could be tried only in a district foreign to the claimant.

Previous to the legislation above referred to, a justice of the peace had, by the Act of June 6, 1879, P. L. 194, jurisdiction in actions of trespass not exceeding $300.

The Vehicle Code undertook to afford a resident his remedy in the county where the damage was sustained, notwithstanding that the nonresident operator or owner was not personally served with process in that county.

To this end, the act of assembly provided that a party not personally served within the jurisdiction of the court could be brought within its jurisdiction by a service made beyond the territorial limits of the court's jurisdiction. Under existing legislation a resident claimant may institute his suit in the county where he sustained the dam-

age. If defendant resides in Pennsylvania, the sheriff of the county wherein the suit is brought is authorized to deputize the sheriff of the county of defendant's residence to serve defendant. If defendant in a particular case does not reside within the Commonwealth of Pennsylvania, defendant is brought within the jurisdiction of the court issuing the process by service upon the Secretary of Revenue of Pennsylvania.

Thus, it clearly appears that the motor acts were intended to extend the jurisdiction both of the courts of common pleas and of justices of the peace to include persons who, having committed a tort, can easily drive beyond the borders of the county (or of the State) before process can be served.

Previous to the enactment of The Vehicle Code, supra, and cognate acts, a justice of the peace was without jurisdiction in actions of trespass on the case, and although our Practice Act of May 14, 1915, P. L. 483, abolished the distinction between trespass and trespass on the case, yet the distinction was preserved insofar as the matter of jurisdiction of a justice was concerned.

It has been held by various common pleas courts that under The Vehicle Code a justice of the peace now has jurisdiction of trespass on the case where the amount involved does not exceed $100.

While the purpose of The Vehicle Code was to afford a convenient remedy to residents, the legislature apparently had in mind the possibility of unfair treatment of nonresident defendants. (This legislative attitude is similarly reflected in the requirement that complaints for certain violations of The Vehicle Code must be presented in the township or borough where the violation occurred.) Accordingly, the legislature limited the jurisdiction of the justices in a suit against a nonresident to cases where two conditions concur, viz.: (1) Where the amount does not exceed $100; (2) and plaintiff produces a receipted bill sworn to by the party making the repairs. The act

in question was not intended to detract from the jurisdiction of a justice of the peace, but was an enlargement of it: Orlosky v. Haskell, 304 Pa. 57. Previous to this legislation a justice had no jurisdiction over one who was not served with process within the county, nor had he jurisdiction of trespass on the case. To the jurisdiction of the justice conferred by the Act of 1879, supra, not exceeding $300 in actions of trespass, there was then added jurisdiction of a claim not exceeding $100 where the defendant was not served in the county, provided that the claim was supported by the affidavit of the repairman. The legislature not only restricted the jurisdiction to claims of $100, but, considering the possibility of local bias, provided that even in such cases the justice was authorized to hear the matter only if the sworn statement of the repairman was produced. Apparently the condition of production of the receipted repair bill was imposed to confine the justice to the actual damages and to prevent the justice from assessing them upon a less reliable basis.

Neither the present Vehicle Code nor the similar acts which preceded it withdrew anything from the jurisdiction of a justice of the peace as it existed theretofore.

Prior to the first motor legislation, a justice of the peace had authority to entertain a suit in assumpsit or trespass not exceeding $300. The only condition was that defendant be served in the county wherein the justice was commissioned.

If personal service within the county has been made upon a nonresident, he is as completely in the jurisdiction of the court as a resident similarly served. Only when it is necessary to send his process beyond the territorial limits of the county need the justice invoke the authority supplied by (and the limitations of) section 1208 of The Vehicle Code.

The action here, being transitory, may be brought in any county where process can be served upon the defendant: "It is horn book law that a transitory action may be

brought wherever the defendant may be served": Galloway v. Smith, 21 Del. Co. 301, 308.

Cases construing the act under consideration are in conflict. A few, notably Felmly v. Michael et al., 6 D. & C. 52, hold that in all actions for damages arising from operation of automobiles the jurisdiction of the justice is limited to $100. Seig v. Campbell, 17 D. & C. 322, holds no recovery may be had before a justice where a receipted repair bill is not produced. Defendant cites Faunce v. Rowan, 13 D. & C. 109, on the same point, but a reading of the case does not support it. Campbell v. Krautheim, 4 D. & C. 577, holds that the act confers jurisdiction on the justice in actions of trespass on the case. In Sharp v. Boyer, 6 D. & C. 597, it was held that the act governed only cases where defendant was to be served in another county.

In her supplemental brief, defendant stresses McClellan v. Powers, 22 D. & C. 447. That was a suit in trespass on the case, and it was held that a justice has jurisdiction in such actions only to the extent conferred by the motor code. Judge Fleming, in that opinion, declared the right to recover in an action of trespass vi et armis.

Doolittle v. Barr, 10 D. & C. 820, Harden v. Scheib et al., 11 D. & C. 231, Ochall v. Dvorak, 13 D. & C. 19, Smith v. Algeo, 74 Pitts. 224, and Russell v. Mower, 18 Del. Co. 13, support the conclusion that The Vehicle Code did not reduce the jurisdiction of the justice of the peace in actions of trespass vi et armis nor require production of a receipted repair bill where it was not necessary to serve defendant beyond the county.

It has always been the law that one who enters a State or county or other municipal unit thereby subjects himself to the laws of the unit visited and to the process issued by the courts of such unit, excepting, under certain conditions, foreign ambassadors, members of Congress, witnesses in attendance at court, etc.:

"When an alien or non-resident is present in a state, whether abiding there temporarily or traveling, a writ

will confer on its courts complete jurisdiction over his person. This is the general rule": Vaughn v. Love et al., 324 Pa. 276, 282.

Appellant having been personally served within the territorial jurisdiction of the justice, and the action being trespass vi et armis, defendant was as fully answerable to the jurisdiction as a resident personally served, notwithstanding plaintiff's claim was for an amount in excess of $100, and notwithstanding plaintiff's failure to produce the receipted repair bill.

For the reasons herein stated, the judgment of the justice is affirmed.

### Order

And now, June 7, 1937, this matter was submitted to the court upon briefs of counsel, whereupon, after due and careful consideration, it is ordered, adjudged, and decreed that the judgment of the justice of the peace be and hereby the same is affirmed.