Strafford,
No. 4658.

MARILYN F. PIKE *v.* GEORGE C. SCRIBNER.

ROLAND M. PIKE v. SAME.

Argued May 7, 1958.

Decided May 29, 1958.

*Fisher, Parsons & Moran* for the plaintiffs.

*Devine & Millimet (Mr. Shane Devine* orally), for the defendant.

KENISON, C. J. Service of process on the defendant was sought to be made by leaving a copy at his abode in New Hampshire under the statute regulating process within the state. "All writs and other processes shall be served by giving to the defendant or leaving at his abode an attested copy thereof, except in cases otherwise provided for . . . . " RSA 510:2. The plaintiff contends that the sheriff's return of service, which was regular on its face, is conclusive and its truthfulness cannot be controverted by the defendant. *Clark* v. *Bradstreet*, 99 N. H. 55. The defendant contends that the sheriff's return is not an absolute verity and that the sheriff's return is not so far conclusive that he is precluded from showing his nonresidence in fact. Superior Court Rule 45, 99 N. H. 614; *Galusha* v. *Cobleigh*, 13 N. H. 79; *Wendell* v. *Mugridge*, 19 N. H. 109; anno. 107 A. L. R. 1342.

The ancient common-law rule that a sheriff's return is conclusive has been retained in New Hampshire (*Clark* v. *Bradstreet*, *supra*) and a dwindling minority of jurisdictions (49 Col. L. Rev. 136, 137) but this rule is not a Draconian net engulfing all cases. The "rule is not an inflexible one." *Goodwin* v. *Goldberg*, 85 N. H. 548, 549. The fundamental inquiry relates to the service of the writ in fact and not the sheriff's return of service. This was demonstrated in *Bissonnette* v. *Alpine, Inc.*, 96 N. H. 419, 420: "It is not the return, however, but the service of the writ, that gives jurisdiction. The return is merely evidence by which the court is informed that the defendant has been served." In that case a defective sheriff's return was held to have conferred jurisdiction when supplemented by other evidence showing that service "was in fact made on" the defendant. See also, *Mathes* v. *Bank*, 62 N. H. 491; *Clough* v. *Moore*, 63 N. H. 111, 112. The New Hampshire cases relied upon by the defendant allowing a party to show nonresidence are supported by Restatement of the Law, Second (tentative draft no. 3, 1956), Conflict of Laws, s. 77, *comment* d: *"Effect of sheriff's return*. A state does not have judicial jurisdiction over an individual because a sheriff or other official of the state makes a return stating that he has served him with process in the state. Personal service in the state, and not the sheriff's return, is the basis of jurisdiction. The truth of the return may therefore be questioned in a court of any state." To the same effect see Restatement, Conflict of Laws, s. 77, *comment* a.

If this were a case of first impression, consideration would be given to the classic criticism of the common-law rule in Sunderland,

The Sheriff's Return, 16 Col. L. Rev. 281, and the many cases which consider the rule archaic and unsound. *Vaughn* v. *Love*, 324 Pa. 276. However this is unnecessary since our cases allow the defendant to show nonresidence. In *Galusha* v. *Cobleigh*, 13 N. H. 79, 83, it was said that the "plaintiff is not estopped by the officer's return from showing his true residence at the time of service." Likewise in *Wendell* v. *Mugridge*, 19 N. H. 109, 113, the defendant was allowed to prove his nonresidence in New Hampshire with the court saying that "We think such evidence cannot be regarded as contradicting the officer's return." We do not pause to consider the clarity of this observation since the result of the case is to allow the controversy to be decided on fact rather than fiction. These cases and Superior Court Rule 45, 99 N. H. 614, are adequate authority for holding that the defendant was entitled to introduce evidence that he was a resident of Connecticut and a nonresident of New Hampshire at the time of service.

Although the defendant's evidence of nonresidence was admissible, it does not follow that the Court was thereby required to grant his motion to dismiss. The record only discloses the motion to dismiss and the affidavit in support thereof. It fails to indicate that the Trial Court has committed error or has abused its discretion in denying the motion to dismiss. *LaMarre* v. *LaMarre*, 84 N. H. 553; *Vidal* v. *Errol*, 86 N. H. 585.

*Defendant's exceptions overruled.*

All concurred.