**Shire v. Konick**

*Edgar P. Herrington, Jr.,* for plaintiffs.
*Clyde Tempest,* for defendant.

SCULCO, J., September 4, 1974.—This matter is before the court en banc on defendant's, Mary Konick, petition and rule to show cause why plaintiff's judgment should not be struck and/or opened.

A brief review of the facts in this matter is as follows. On June 21, 1970, plaintiffs, Louis I. Shire and Lois M. Shire, his wife, filed a complaint in assumpsit in which they allege that defendant, Mary Konick, was a tenant of plaintiffs but failed to pay the agreed upon rental of $50 per month from March 1, 1965, to February 1, 1970. Plaintiffs demanded the sum of $2,950 as rental owed plus interest thereon.

An affidavit of service was filed by the sheriff of Westmoreland County on June 29, 1970, which stated as follows:

### "AFFIDAVIT OF SERVICE

"Now, June 22, 1970, at 3:20 o'clock P.M. served the within Complaint In Assumpsit upon Mary Konick at 800 Donner Avenue, Monessen, Westmoreland County, Pennsylvania by handing to her personally a certified copy of the original Complaint and made known to her the contents thereof. Received from Attorney $16.20, Sheriff's costs. So answers, John W. Peck, Sheriff of Westmoreland County, Pa."

On July 14, 1970, after the expiration of 20 days from service of the complaint upon defendant, Konick, plaintiffs' attorney filed a praecipe directing the prothonotary to enter judgment against defendant and in favor of plaintiffs in the amount of $3,332 prinicpal and interest.

On November 28, 1973, at execution no. 81, October term 1973, plaintiffs directed the prothonotary to issue a writ of execution in this matter.

On January 22, 1974, defendant Konick filed a petition to strike off and/or open judgment setting forth, inter alia, that no service was ever made on her and, therefore, the court not only lacked jurisdiction in this matter but also the subsequent writ of execution was invalid. Defendant Konick purported further that she was not personally served with a complaint in assumpsit at 800 Donner Avenue, Monessen, Westmoreland County, Pa. and that she had no knowledge that a judgment had been entered against her.

Defendant Konick in support of her petition to open judgment advanced a denial that she ever entered into a lease with plaintiffs. She further denied having paid any moneys to plaintiffs or living at " '976 Donner Avenue', as for a long period of time she resided on Third Street in the City of Monessen, Pennsylvania." The final thrust of defendant Konick's attack relies on the statute of limitations and is as follows:

"11. That the plaintiffs' claim is based on a Lease dated January 1st, 1965 and failed to bring suit for the alleged rentals due from the Defendant for a period in excess of five (5) years, therefore, the Plaintiffs are barred by the Statute of Limitations to entertain such a suit under the circumstances."

The crux of plaintiffs' rebuttal is that defendant Konick did have knowledge of the judgment against her, that defendant Konick was personally served with a Complaint at the above number and term, and that the records in the Prothonotary's Office in and for Westmoreland County show that defendant Konick was personally served.

Plaintiffs further advance that the record at this

number and term speaks for itself and shows valid service was made and the affidavit of service so attests.

Defendant Konick's multiple attacks have their roots in the allegation that there exists a fatal defect in the procedural requirements necessary to subject the petitioner to the jurisdiction of the court.

The sole question before this court relates to the propriety of the service upon the defendant Konick.

The record in this matter clearly shows that the affidavit of service states that defendant Konick was personally served a certified copy of the original complaint and the contents of this complaint were made known to her. The case of Commonwealth v. DeGillio, 197 Pa. Superior Ct. 568 (1962), extinguishes the life of defendant Konick's argument at page 571 where Judge Watkins stated:

"We agree with the court below that 'the law of this commonwealth is exceedingly clear that in the absence of fraud, a Sheriff's return of service, full and complete on its face, is conclusive upon parties resident in this State and cannot be set aside on extrinsic evidence.' The leading case setting forth this doctrine is Vaughn v. Love, 324 Pa. 276, 188 A. 299 (1936), where the Supreme Court said, at page 280, '. . . a default judgment would have a precarious existence in many instances if its foundation, service of the writ, could be attacked many years later.' "

This court agrees with defendant Konick's contention that petitions to open judgment by default are addressed to the trial court's sound discretion and are essentially equitable proceedings ruled by equitable principles. See Quaker City Chocolate and Confectionery Company v. Warnock Building Association et al., 347 Pa. 186 (1943).

To open judgment, however, the petitioner must not only aver a valid defense but must also establish

equitable consideration which impresses the court with the need for relief. The record in this matter refutes defendant Konick's contention of lack of service of complaint in assumpsit upon her and establishes an absence of action on her part for a period of time extending from June 22, 1970, to January 22, 1974.

Defendant Konick has failed to impress the court with the need for relief and we, therefore, enter the following:

## ORDER OF COURT

And now, to wit, September 4, 1974, after due and careful consideration of the record, briefs and legal arguments presented in this matter, it is hereby ordered, adjudged and decreed that defendant Konick's petition to strike and or open judgment is without merit and be and the same hereby is dismissed and the rule issued is hereby discharged;

It is further ordered, adjudged and decreed that defendant Konick's petition to defend in forma pauperis being no longer applicable is dismissed.