497 A.2d 659

**HUTCHISON ENTERPRISES, INC., Appellant,**

**v.**

**DATA BASICS EAST, INC., a/k/a Soft Star System and the Philadelphia Saving Fund Society.**

Superior Court of Pennsylvania.

Argued May 23, 1985.

Filed Aug. 30, 1985.

Joseph Rappaport, Philadelphia, for appellant.

Horace D. Nalle, Jr., Philadelphia, for appellee.

Before CAVANAUGH, CIRILLO and HESTER, JJ.

HESTER, Judge:

Summary judgment was granted to a garnishee because the sheriff's return indicated service of the writ *after* the garnishee had made disbursements from a debtor's account, even though a pleading filed by the garnishee admitted receipt of the writ *prior to* disbursing the debtor's funds. The trial court held that the sheriff's return was conclusive as to the time of service. We vacate the order granting summary judgment. We believe there exists a genuine issue of material fact.

## BACKGROUND

Appellant recovered a judgment of $53,300.00 against Data Basics East on April 9, 1984. In an effort to collect on this judgment, appellant issued a writ of execution naming the appellee, the Philadelphia Savings Fund Society [PSFS] as garnishee. Upon receipt of the writ, PSFS placed a hold on the judgment debtor's account.

PSFS' records revealed that the writ had been received on April 18, 1984, at 10:45 A.M. but that the hold was not placed on the account until noon on April 19, 1984. In the interim, PSFS paid out four checks drawn on the debtor's account totalling $11,047.92.

PSFS set forth this information in its answer to appellant's interrogatories in attachment,[1] and appellant sought summary judgment for the $12,728.79 in the debtor's account at the time PSFS admitted it had been served by the sheriff. Appellant asserted that it was no defense for PSFS to permit withdrawals of approximately $11,000.00 due to the fact that its computer failed to register the hold entry in a timely fashion.

---

1. The information was styled "New Matter" appended to PSFS' answer to interrogatories in attachment, and was clearly intended by PSFS as a pleading since the document was endorsed with a notice to plead. We deem the new matter to constitute a pleading within the meaning of Pa.R.Civ.P. 1017. *See* Pa.R.Civ.P. 1026 and 1030.

After PSFS answered the interrogatories on the basis of its own records, the sheriff's return of service was filed. The sheriff's return showed that service was effected on April 19, 1984, at 1:25 P.M.

Both parties sought summary judgment. Appellant claimed that averments in a pleading render the facts indisputable as to the pleading party. PSFS, on the other hand, argued that a sheriff's return is conclusively presumed to be accurate as to facts within his personal knowledge, such as when the writ was served. The trial court accepted the conclusive presumption urged by PSFS and entered judgment for the bank.

## ESTOPPEL

■ Averments in pleadings constitute binding judicial admissions, conclusive in their nature insofar as their effect is confined to the case in which they are filed. *Lapayowker v. Lincoln College Preparatory School,* 386 Pa. 167, 176, 125 A.2d 451, 456 (1956); 4 Wigmore, *Evidence* § 1064 at 67 (Chadbourn rev. 1972); George M. Henry, *Pennsylvania Trial Evidence* § 65 at 102 n. 59 and at 104 (3d ed. 1940). Having pleaded that the bank received service of the writ on April 18, 1984, PSFS is estopped from denying service at that time.

## SHERIFF'S RETURN

■ In equally unequivocal fashion, the law makes a sheriff's return of service which is full and complete on its face, in the absence of fraud, conclusive and immune from attack by extrinsic evidence, as to facts within the personal knowledge of the sheriff, such as when and where the writ was served. *Hollinger v. Hollinger,* 416 Pa. 473, 476–77, 206 A.2d 1, 3 (1965); *Vaughn v. Love,* 324 Pa. 276, 279, 188 A. 299, 300–01, (1936); *Mischenko v. Gowton,* 307 Pa.Super. 426, 429–30, 453 A.2d 658, 659 (1982).

## RULE 1035

■ Faced with conflicting factual sources, each of which is legally conclusive, we cannot determine as a matter of

law which source is correct. Pa.R.Civ.P. 1035 permits summary judgment only when "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." The difference between the time of service stated in the sheriff's return and in the PSFS pleading is an issue of fact which must be resolved before judgment is entered.

The order is vacated and the case remanded for proceedings consistent with this opinion.

CAVANAUGH, J., concurs in the result.