584 A.2d 985

**J.H. HOMMER LUMBER COMPANY, INC., Appellant,**

**v.**

**Kenneth L. DIVELY and Grace L. Dively, his wife, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 7, 1990.

Filed Dec. 21, 1990.

Russell Montgomery, Altoona, for appellant.

Wayne Hippo, Hollidaysburg, for appellees.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from an order striking and dismissing the mechanics' lien claim of Appellant, J.H. Hommer Lumber Co., Inc. (hereinafter "Appellant") against Appellees, Kenneth and Grace L. Dively (hereinafter "Appellees"). We remand.

The simple facts of this appeal present two clear and related issues: Does the filing of a sheriff's return satisfy the requirements of the Pennsylvania Mechanics' Lien Law of 1963, 49 Pa.S.A. § 1502, which mandates the filing of an affidavit of service of notice? If not, can the sheriff's return be amended to satisfy the requirements of 49 Pa. S.A. § 1502?

Appellant alleges that between July 8, 1988 and October 14, 1988, it sold and delivered various building materials for the construction of Appellees' house and that Appellees failed to pay for these materials. On December 22, 1988,

Appellant sent notice to Appellees of its intent to file a mechanics' lien. On January 14, 1989, Appellant filed the mechanics' lien against Appellees' property. On February 2, 1989, the sheriff personally served Appellees with notice of the mechanics' lien claim, and on February 15, 1989, the sheriff filed a sheriff's return indicating that Kenneth Dively was personally served on February 2, 1989. In order to obtain judgment on the mechanics' lien claim, Appellant filed a complaint on September 20, 1989. The Appellees filed preliminary objections contending that:

a) The notice of intent to file mechanics' lien did not sufficiently identify the property claimed to be the subject of the lien;

b) The mechanics' lien claim did not sufficiently identify the property claimed to be the subject of the lien;

c) The notice of intent to file mechanics' lien was not given thirty (30) days before filing the claim;

d) There was no averment in the mechanics' lien claim as to whom Appellant contracted with;

e) A proper affidavit of service of notice of the filing of the mechanics' lien was not filed within twenty (20) days of service of the notice of filing the mechanics' lien as required by 49 Pa.S.A. § 1502.

The court overruled all of Appellees' objections except the last, and struck the lien holding that a sheriff's return was insufficient to comply with the affidavit requirements of 49 Pa.S.A. § 1502. The court further denied the Appellant's request to amend the sheriff's return. This appeal followed.

49 Pa.S.A. § 1502 provides:

(a) Perfection of Lien. To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within four (4) months after the completion of his work; and

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

Appellees cite *Hoffman Lumber v. Geesey,* 35 Pa. D & C 2d 200 (1965) for the proposition that a sheriff's return without a jurat does not meet the requirement of an affidavit of service of notice under § 1502(a)(2) and that no amendment could be made to the return under the provision of § 1504 which provides that a "claim" may be amended, since the affidavit of service is not a "claim". *Hoffman,* as a lower court decision, is not binding upon this Court. Even so, we believe it is too narrow in its interpretation of § 1502(a)(2).

The precise issue has not been addressed by our appellate courts, although lower courts have. *Cf. Laird Lumber Co. v. Billioni,* 13 Pa. D & C 2d 236 (1959); *Ruggies Lumber Co. v. Serling,* 6 Pa. D & C 2d 495 (1957); *Lapidus v. Wallenbach,* 43 Del.Co. 405 (1957); *Hoffman Lumber Co. v. Geesey, supra.*

In *Rees, Weaver & Co., Inc. v. M.B.C. Paper Mill Corp.,* 267 Pa.Super. 148, 406 A.2d 562 (1979) our Court did address the validity of a sheriff's return of service of notice of claim when the return was not filed within twenty days of service, as required by § 1502(a)(2). There the lower court assumed the sheriff's return was the equivalent to an affidavit of service, but struck the lien because it was not filed within twenty days of service. Our Court affirmed, but noted that it did not reach Appellant's argument that "a sheriff's return is tantamount to an affidavit by any other person." *Id.,* 267 Pa.Superior Ct. at 151, n. 1, 406 A.2d at

563, n. 1. The Court also alluded to *Tesauro v. Baird*, 232 Pa.Super. 185, 335 A.2d 792 (1975) for the proposition that the failure to file any affidavit within the period prescribed by statute should be distinguished from the failure to observe the requirements for the contents of the affidavit. "If the affidavit is timely filed, it may be amended to adhere to statutory requirements. *Cf. Tesauro v. Baird,* [*supra* ]." *Rees, Weaver & Co., Inc.,* at 155, n. 5, 406 A.2d at 565, n. 5.

In the present case, there is no question that the sheriff's return was filed within twenty days of service of the notice. The only defect complained of is that it did not contain a jurat by the sheriff. In *Hutchinson Enterprises, Inc. v. Data Basics East, Inc.,* 345 Pa.Super. 91, 93, 497 A.2d 659, 660 (1985), we noted that:

> In ... unequivocal fashion, the law makes a sheriff's return of service which is full and complete on its face, in the absence of fraud, conclusive and immune from attack by extrinsic evidence, as to facts within the personal knowledge of the sheriff, such as when and where the writ was served. [Citations omitted]

In discussing the requirements of the Mechanics' Lien Law, our Supreme Court long ago stated:

> The great object of its several provisions is notice, and it has been truly said, an observance of them is essential to the safety of owners, purchasers and other lien creditors, as furnishing some date by which, in case of dispute, they may be enabled to ascertain the truth.

*Knabb's Appeal,* 10 Pa. 186 (1849).

Since notice is the overriding concern, and since our courts have accorded great sanctity to the sheriff's return, we hold that a sheriff's return is adequate proof that the owner received the requisite notice under the Act. Our Rules of Civil Procedure equate a sheriff's return with an affidavit of service by any other person who may be authorized to serve original process, Pa.R.C.P. 405(d), and we see

no reason why the sheriff's return should be entitled to lesser weight simply because the Mechanics' Lien Law calls for an "affidavit". The Mechanics' Lien Law contemplated that claimants would prepare their own papers. *McClintock v. Rush,* 63 Pa. 203 (1869). The requirement of an affidavit of service is a logical requirement in such circumstances, the oath and penalties for perjury for violation thereof providing some measure of protection to the owner. A sheriff's return by the officer entrusted by the courts for the service of its most important papers should provide no less protection to the owner, and arguably might provide more.

We are aware that the right to file a mechanics' lien is of statutory origin, that such a right was unknown to common law, and that, as class legislation, it must be strictly construed. *O'Kane v. Murray,* 252 Pa. 60, 97 A. 94 (1916). However, we are also aware that "substantial compliance" is an important tool in determining whether a claim under the Mechanics' Lien Law will be valid. *Tesauro v. Baird, supra.* We therefore hold that a timely filed return of service by the sheriff, albeit unsworn, is substantial compliance with 49 Pa.S.A. § 1502(a)(2).

Accordingly, the order of the trial court is reversed and the case remanded for proceedings consistent with this opinion.[1] Jurisdiction relinquished.

---

1. Because of disposition, we do not reach Appellant's second argument.