2025 PA Super 15

| | | |
|---|---|---|
| CLARK PROPERTY MAINTENANCE, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1003 EDA 2024 |
| PEAK REAL ESTATE SOLUTIONS, LLC | : | |

Appeal from the Order Entered February 27, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2023-27942

BEFORE:  LAZARUS, P.J., STABILE, J., and KING, J.

OPINION  BY LAZARUS, P.J.:                    **FILED JANUARY 24, 2025**

Clark Property Maintenance, LLC (CPM) appeals from the order, entered in the Court of Common Pleas of Montgomery County on February 27, 2024, granting Peak Real Estate Solutions, LLC's (PRE) petition to strike CPM's mechanics' lien, due to CPM's failure to file an affidavit in strict compliance with 49 P.S. § 1502 of the Mechanics' Lien Law (the Law).  *See* 49 P.S. §§ 1101-1902.  This appeal presents the question of whether the affidavit requirement of section 502 of the Law may be satisfied by substantial compliance, i.e., by filing a sheriff's return of service.  We conclude that the doctrine of substantial compliance applies insofar as a sheriff's return of service satisfies the requirements of section 502 of the Law.  We further conclude that strict compliance is required only insofar as minimally sufficient

notice pursuant to the Law must be filed to perfect a mechanics' lien. Accordingly, we reverse and remand for further proceedings.

On December 26, 2023, CPM filed a mechanics' lien in the amount of $69,795.00 for work it performed on PRE's property. On February 20, 2024, PRE filed a petition to strike the mechanics' lien, which the court granted on February 27, 2024, after it determined that CPM failed to file an affidavit of service and had, instead, filed a sheriff's return of service. On March 5, 2024, CPM filed a motion for reconsideration, which the court denied on March 8, 2024. CPM filed a timely notice of appeal on March 27, 2024. CPM and the trial court have complied with Pa.R.A.P. 1925.

On appeal, CPM raises the following issue for our review: "Is a timely filed sheriff's return of service equivalent to an affidavit of service for the purposes of 49 P.S. § 1502?" Appellant's Brief, at 2.

CPM's appeal presents a question of statutory interpretation, over which our standard of review is *de novo* and our scope of review is plenary. **See Terra Firma Builders, LLC v. King**, 249 A.3d 976, 980 (Pa. 2021).

In support of the trial court's determination, the trial court and PRE primarily cite to our Supreme Court's decision in **Terra Firma Builders**, **supra**, for the proposition that the Law was created in derogation of the common law, and since it is a statutory creation, questions of interpretation should be resolved in favor of strict construction. **See** Appellee's Brief, at 3-4.

Our objective while performing statutory construction is to ascertain and effectuate the intention of the General Assembly. We give significant weight to the plain language of the statute because it is the best indicator of legislative intent. In addition, we are cognizant that mechanics' liens were unknown at common law[] and are entirely a creature of statute. Thus, as the Law is a statutory creation in derogation of the common law[,] any question of interpretation shall be resolved in favor of strict, narrow construction.

We further observe that a mechanics' lien is an extraordinary remedy that provides the contractor with a priority lien on property, an expeditious and advantageous remedy. Accordingly, a contractor seeking the benefit of the lien must judiciously adhere to the requirements of the [] Law in order to secure a valid and enforceable lien.

Mindful of these principles, we examine the operative statutes. First, [s]ection 502 [of the Law] expressly requires that in order to perfect a lien, every claimant must, *inter alia*, serve written notice of the lien's filing, and an affidavit of that service shall be filed within twenty [] days. The mandatory nature of these statutory requirements—as well the directive to interpret this particular statutory scheme narrowly and strictly—plainly indicate failure to comply leads to an unperfected lien. Moreover, [s]ection 502 explicitly confirms a failure to serve and file an affidavit of service in a timely fashion shall be sufficient ground for striking off the claim.

It is clear, then, that [the contractor, Terra Firma Builders, LLC,] failed to perfect its mechanics' lien against the [property owner,] the Kings[,] because it never filed the required affidavit of service. We have previously recognized that a failure to file the affidavit means the lien was not properly perfected and that such defect was not curable. As compliance with the Law is a prerequisite to the validity of the lien, the failure to observe it invalidates the lien.

***Terra Firma Builders***, 249 A.3d at 983-84 (citations, quotations marks, brackets, and ellipsis omitted).

Although our Supreme Court was clear that some form of notice is required under the Law to perfect a mechanics' lien, the decision in ***Terra***

*Firma Builders* is distinguishable from the facts at hand. In that case, there was never any affidavit filed at all, whereas, instantly, a sheriff's return of service was timely filed with the trial court. Indeed, we observe that *Terra Firma Builders* does not discuss our prior case law, in which we have explained that, although an affidavit must be filed to perfect a lien, a sheriff's return of service substantially complies with that requirement and is sufficient under the Law. *See Castle Pre-Cast Superior Walls of Delaware, Inc. v. Strauss-Hammer*, 610 A.2d 503, 505 (Pa. Super. 1992) (sheriff's return of service, standing alone, satisfied service requirements under Mechanics' Lien Law). This court has consistently interpreted the notice provisions of the Law to require substance over form, recognizing "substantial compliance." *See Tesauro v. Baird*, 335 A.2d 792, 796 (Pa. Super. 1975) ("[W]hile notice requirements under the Mechanics' Lien Law will be strictly construed to the extent that if no notice is given the lien will be stricken, there is no doubt that the doctrine of substantial compliance will temper this strict construction as to the form of the notice.").

This Court has similarly concluded that proving notice to a property owner of a mechanics' lien by filing a sheriff's return of service amounts to sufficient substantial compliance under the Law:

> The great object of [the Law's] several provisions is notice, and it has been truly said, an observance of them is essential to the safety of owners, purchasers and other lien creditors, as furnishing some date by which, in case of dispute, they may be enabled to ascertain the truth.

Since notice is the overriding concern, and since our courts have accorded great sanctity to the sheriff's return, we hold that a sheriff's return is adequate proof that the owner received the requisite notice under the [Law]. Our Rules of Civil Procedure equate a sheriff's return with an affidavit of service by any other person who may be authorized to serve original process and we see no reason why the sheriff's return should be entitled to lesser weight simply because the Mechanics' Lien Law calls for an affidavit. The Mechanics' Lien Law contemplated that claimants would prepare their own papers. The requirement of an affidavit of service is a logical requirement in such circumstances, the oath and penalties for perjury for violation thereof providing some measure of protection to the owner. A sheriff's return by the officer entrusted by the courts for the service of its most important papers should provide no less protection to the owner, and arguably might provide more.

We are aware that the right to file a mechanics' lien is of statutory origin, that such a right was unknown to common law, and that, as class legislation, it must be strictly construed. However, we are also aware that substantial compliance is an important tool in determining whether a claim under the Mechanics' Lien Law will be valid. **We therefore hold that a timely filed return of service by the sheriff, albeit unsworn, is substantial compliance with 49 P[.]S.[] § 1502(a)(2).**

*J.H. Hommer Lumber Co. v. Dively*, 584 A.2d 985, 987-88 (Pa. Super. 1990) (citations and quotation marks omitted; emphasis added).

Here, the record reflects that CPM caused a timely sheriff's return of service to be filed in connection with its mechanics' lien. This constituted substantial compliance under the Law. *See J.H. Hommer Lumber Co.*, *supra*. Thus, it was legal error for the trial court to strike CPM's mechanics' lien due to a failure to strictly comply with the affidavit requirement of section 502 of the Law. Accordingly, we reverse the court's February 27, 2024 order and remand for further proceedings not inconsistent with this decision.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/24/2025</u>